UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YUVINDRA SUROOJBALLY,

      Petitioner,

v.                                **ORDER TO SHOW CAUSE**

JOSEPH E. FREDEN,                6:24-CV-6745-EAW

      Respondent.
_____

Petitioner, Yuvindra Suroojbally ("Petitioner"), is a civil immigration detainee currently held at the Buffalo Federal Detention Facility. Petitioner, through counsel, claims that he is being detained in United States Immigration and Customs Enforcement custody based on a facially deficient "Notice to Appear" alleging that he is removable, in violation of the United States Constitution. (Dkt. 1). Petitioner contends that he should be immediately released from custody pursuant to 28 U.S.C. § 2241. (*Id.*).

"The REAL ID Act of 2005 mandates that judicial review of all administratively final orders of removal take place exclusively in the courts of appeals[.]" *Ahmed v. Barr*, No. 20-CV-395 (JLS), 2020 WL 2395694, at *2 (W.D.N.Y. May 12, 2020); *see* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of the law (statutory or nonstatutory) . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."). The Second Circuit has held that this "jurisdictional bar applies equally to preclude . . . an indirect challenge" to a removal

1

order. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011); *Rodriguez v. Warden, Orange Cnty. Corr. Facility*, No. 23-CV-242 (JGK), 2023 WL 2632200, at *4 (S.D.N.Y. Mar. 23, 2023) ("The Second Circuit Court of Appeals has held that these REAL ID Act provisions 'appl[y] equally to preclude' district courts from exercising jurisdiction over both 'direct' and 'indirect challenges' to orders of removal, and also that 'whether the district court has jurisdiction will turn on the substance of the relief' sought." (quoting *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011))). Additionally, § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien."

Here, Petitioner's challenge to the facial sufficiency of the Notice to Appear and request that this Court assume jurisdiction over the proceedings could potentially run afoul of these directives.

Because this Court is bound by the "inflexible rule" requiring it "without exception" to determine *sua sponte* if jurisdiction is lacking, *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008), before this case may proceed further, Petitioner is ORDERED to show cause **in writing within 21 days of entry of this Order** why the petition should not be dismissed for a lack of subject matter jurisdiction. Petitioner is cautioned that failure to respond to this Order to Show Cause will result in the dismissal of his petition without prejudice for lack of jurisdiction.

SO ORDERED.

Dated:  January 7, 2025
        Rochester, New York

_____
ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT