# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF NEW YORK

--------------------------------------------------------

| | | |
|---|---|---|
| **YUVINDRA SUROOJBALLY** | ) | |
| **A# 061-758-820** | ) | |
| Petitioner | ) | |
| v. | ) | Civil No.: 24-1270 |
| | ) | |
| **JOSEPH E. FREDEN** | ) | |
| in his official capacity as ICE Deputy Field | ) | |
| Office Director | ) | |
| Buffalo Federal Detention Facility | ) | |
| 4250 Federal Drive | ) | **Emergency Petition for** |
| Batavia, NY 14020 | ) | **Writ of Habeas Corpus** |
| | ) | |
| Respondent. | ) | |

--------------------------------------------------------

# EMERGENCY PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

COMES NOW, PETITIONER, Yuvindra SUROOJBALLY, by and through undersigned counsel, and respectfully petitions this Honorable Court for a writ of habeas corpus to remedy his unlawful detention, by releasing him immediately from detention by Respondent. Petitioner is being held based upon a facially insufficient Notice to Appear ("NTA") which alleges that he is removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(ii), due to being "an alien who at any time after entry has been enjoined under a protection order and has been determined to have engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the

protection order was issued." On December 2, 2024, Petitioner, through counsel, filed motions

to terminate with the Immigration Judge of the Executive Office for Immigration Review, United

States Department of Justice, advancing multiple arguments for why the NTA was facially

deficient, that ICE could not meet its burden by clear and convincing evidence and also

furnishing proof that Petitioner's conviction for Attempted Criminal Contempt in the Second

Degree, which formed the basis for his charges of removability, was vacated pursuant to NYPL

Section 440.10 on November 27, 2024. U.S. Immigration and Customs Enforcement ("ICE")

has, however, taken the position that Petitioner remains removable under 8 U.S.C. §

1227(a)(2)(E)(ii), filing an opposition to these motions on December 13, 2024, refusing to grant

"full faith and credit" to the State Court judgment as required under *Matter of Rodriguez-Ruiz*,

22 I&N Dec. 1378 (BIA 2000). Meanwhile, the Immigration Judge has failed to make any

ruling on these motions and Petitioner continues to languish in ICE custody, away from his child

who attends kindergarten and relies on fatherly love and support. Due to Respondent's illegal

actions, Petitioner will spend this Christmas in unduly restrictive ICE confinement in

contravention of the law.

      Petitioner contends that the I-862, Notice to Appear (the charging document) is facially

insufficient, that he is being held in ICE custody in contravention of law, and that he should be

immediately released from custody.

      Further, Petitioner asks that this Court issue an order to show cause that requires the

government to respond in three days as Petitioner is being detained in contravention of the law.

This request is made pursuant to 28 U.S. Code § 2243, which requires that "[t]he writ, or order to

show cause shall be directed to the person having custody of the person detained. It shall be

returned within three days unless for good cause additional time, not exceeding twenty days, is

allowed." In support of the petition and complaint for relief, petitioner alleges as follows:


## INTRODUCTION

1. Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security

   ("DHS") held Petitioner detained from on or about August 16, 2024 until present.

2. Petitioner is currently detained at the Buffalo Federal Detention Facility in Batavia, New

   York.

3. Petitioner is being held, in violation of law, purportedly based upon a "Notice to Appear"

   alleging that he is removable pursuant to  8 U.S.C. § 1227(a)(2)(E)(ii), due to being "an alien

   who at any time after entry has been enjoined under a protection order and has been

   determined to have engaged in conduct that violates the portion of a protection order that

   involves protection against credible threats of violence, repeated harassment, or bodily injury

   to the person or persons for whom the protection order was issued."

4. The Respondent is the Deputy Field Office Director for Immigration and Customs

   Enforcement ("ICE"), a component of the Department of Homeland Security ("DHS").  The

   Respondent is directly responsible for holding Petitioner in prison in contravention of the

   law. Petitioner is under the direct control of Respondent and their agents.


## JURISDICTION

5. This action arises under the Constitution of the United States and the Immigration and

   Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, as amended by the Illegal Immigration

   Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110

Stat. 1570. This Court has jurisdiction under 28 U.S.C. § 2241, art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. §1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

6. The use of the Writ of Habeas Corpus to challenge detention by ICE is not foreclosed by the REAL ID Act. The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 (May 11, 2005), Title I, Section 106(c), amending INA §§ 242(a)(2)(A), (B), (C) and § 242(g), only deprives the district court of habeas jurisdiction to review orders of removal, not challenges to detention. *Hernandez v. Gonzalez*, 424 F.3d 42, 42 (1st Cir. 2005) (proper venue for a habeas petition remains the district court); *accord INS v. St. Cyr*, 533 U.S. 289, 364-65 (2001) ("The writ of habeas corpus has always been available to review the legality of executive detention.").

7. Petitioner has no meaningful administrative remedy to address the claims raised in this Petition, as he continues to suffer irreparable harm due to his unlawful detention, and the Immigration Court has failed to issue a decision on Petitioner's Motions for Termination which were filed on December 2, 2024.

8. The Immigration Court, an executive office of the U.S. Department of Justice, has a track record of violating the rights of noncitizens who come under its jurisdiction by failing to respect legal precedent and acting as a "rubber stamp" for overzealous and unlawful ICE enforcement action.

9. The Congress is silent on whether exhaustion is required and it is therefore within this Court's discretion. *Garcia v. Shanahan*, 615 F.Supp.2d 175, 179–80 (S.D.N.Y.2009); *Rianto*

*v. Holder,* No. CV-11-0137-PHX-FJM, 2011 WL 3489613, at *3 (D. Ariz. Aug. 9, 2011) (28 U.S.C. § 2241 does not specifically require petitioners to exhaust direct appeals before seeking habeas relief); *see generally Cisneros v. Napolitano*, No. 13-700 (JNE/JJK), 2013 WL 3353939, at *3 (D. Minn. July 3, 2013) (addressing habeas claim without discussing administrative exhaustion). Exhaustion is also not required if it would be futile. *Pastor–Camarena v. Smith*, 977 F. Supp. 1415, 1417 (W.D. Wash. 1997); *Duy Tho Hy v. Gillen*, 588 F.Supp.2d 122, 125–26 (D.Mass.2008) (holding that exhaustion of administrative remedies is not required "where the agency has predetermined the issue before it").

## VENUE

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), because Petitioner is being detained at the Buffalo Federal Detention Facility in Batavia, New York.

## PARTIES

11. Petitioner Yuvindra Suroojbally is a native of Guyana and a lawful permanent resident (LPR) of the United States of America. Petitioner was taken into ICE custody on or about August 16, 2024, and he is detained at the Buffalo Federal Detention Facility.

12. Respondent Joseph E. Freden is the Deputy Field Office Director of the ICE Buffalo Field Office, is in charge of detention operations at the Buffalo Federal Detention Facility at Batavia, New York, and is the Petitioner's immediate custodian.

## STATEMENT OF FACTS

13. Petitioner is a citizen of Guyana who entered the United States on and has been a permanent resident of the United States since December 21, 2010.

14. The Respondent is the Deputy Field Office Director for I.C.E.  Petitioner is under the direct control of Respondent and their agents. Respondent has imprisoned the Petitioner by the misuse of coercive governmental force, in a restrictive prison setting, in direct violation of the United States Constitution.

15. Petitioner was arrested and detained by ICE on or about August 16, 2024.

16. Petitioner is being held in civil detention based upon the initiation of removal proceedings against him by way of an I-862 "Notice to Appear" dated August 16, 2024, premised upon purportedly having been "enjoined under a protection order issued by the Guilderland Town Court Court (sic) of the State of New York" on June 2, 2022, and on a purported July 28, 2023 "determination" of the Schenectady City Court that he had engaged in conduct that "violated a portion of that order that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued." *See Notice to Appear, attached.*

17. The purported June 2, 2022 order issued by the Guilderland Town Court actually identified an individual by the name of "Farzana Suffie" as being the subject of the order; the name "Farnaza Suffie" was repeated four times on that order of protection. *See Order of Protection, attached.*

18. On or about April 21, 2023, a Felony Complaint was filed in the Schenectady City Court alleging that Petitioner, Yuvindra Suroojbally, "did intentionally, unlawfully, and knowingly commit the offense of Criminal Contempt in the First Degree in violation of Subdivision (B)

(III) of Section 215.15 of the Penal Law of the State of New York, in that he did on the aforesaid date at or about 1749 hours…. when during the course of a domestic dispute with the victim, Saffie, Farzana (DOB: 08/18/1990), he did call the victim and make threats of physical action stating 'Watch what I'm going to do, your boyfriend better protect you tonight.'"

19. The purported "determination" of the Schenectady City Court was a criminal proceeding in which Petitioner initially pleaded guilty on July 28, 2023 to the offense of Attempted Criminal Contempt in the Second Degree in violation of NYPL Section 215.50(03), based upon a complaint that alleged that he did contact a "Farzana Saffie."

20. Clearly, the purported order of protection referred to a "Farzana Suffie" and not a "Farzana Saffie" and therefore cannot support the allegations brought against Petitioner.

21. On or about September 4, 2024, Petitioner was denied bond by Immigration Judge Brian J. Counihan due to "did not meet his burden as to danger." The Immigration Judge essentially placed the burden on Petitioner to prove that he poses no "danger to the community" and denied bond solely based upon his conviction for Attempted Criminal Contempt in the Second Degree. Said determination was appealed to the Board of Immigration Appeals; upon information and belief, no decision has been issued to date.

22. Said guilty plea was vacated on November 27, 2024 pursuant to a motion under NYPL Section 440.10(1)(b),(h), due to Petitioner/defendant's constitutional right to due process having been violated; vacating the plea and sentence to the crime of Attempted Criminal Contempt in the Second Degree.

23. Petitioner, through counsel Kurt Saccone, Esq., filed two motions to terminate with the EOIR Immigration Judge on December 2, 2024, alleging essentially that 1) there was no order of

protection protecting Farzana Saffie, since the order of protection references a Farzana Suffie and therefore the Immigration Court cannot determine that any such order of protection was determined to have been violated, 2) that there exists no such determination that Petitioner engaged in conduct that violates the portion of a protective order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the order of protection was issued," given that the subsequently-vacated plea was to an *attempt* and not to an actual completed violation of such; 3) that the conviction was vacated and the plea colloquy was striken from the record, and that a vacated conviction cannot be used in Immigration Court pursuant to *Matter of Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000).

24. Both of these motions to terminate remain pending; ICE has filed an opposition raising wildly incorrect legal theories as to why they can continue to hold against Petitioner a vacated conviction for purportedly violating a protective order, the Immigration Court has not issued any ruling to date and Petitioner remains detained in highly restrictive conditions of confinement in an inhumane "detention facility" in plain contravention of the law.

25. Petitioner has a removal hearing scheduled for December 30, 2024 at 1:00 P.M.

26. Petitioner continues to face irreparable harm by his continued unlawful detention.

27. For all of the foregoing reasons, Petitioner's continued detention is in violation of his procedural due process rights and in violation of statutory law.

28. Petitioner is therefore entitled to immediate release by order of this court.

29. If the Petitioner's petition is granted, he may seek costs under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, as the Respondents have violated his rights and acted contrary to their statutory duties.

30. All of the relevant documents from the underlying Immigration Court proceeding are
attached hereto as exhibits.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

(a) Assume jurisdiction over this matter;

(b) Issue an order to show cause that requires the government to respond in three days as
Petitioner has been unconstitutionally detained for over two weeks. This request is made
pursuant to 28 U.S. Code § 2243, which requires that "[t]he writ, or order to show cause
shall be directed to the person having custody of the person detained. It shall be returned
within three days unless for good cause additional time, not exceeding twenty days, is
allowed."

(c) Grant Petitioner a Writ of Habeas Corpus;

(d) Order Respondents to refrain from transferring Petitioner out of the jurisdiction of this
Court during the pendency of this proceeding and while Petitioner remains in
Respondents' custody;

(e) Grant any other further relief that this Honorable Court deems just and appropriate.

Respectfully submitted,

FOR PETITIONER,
December 24, 2024
_____/s/ Matthew K. Borowski_____

E-Mail: matthew@borowskilaw.com

Matthew K. Borowski, Esq.
*Borowski Witmer Immigration Lawyers*
4343 Union Road, Buffalo, New York 14225
(716) 330-1503





DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

DOB: 10/26/1996

Event No: ALB2411000036

---

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 389428850

FINS: 1112433237

File No: 061 758 820

In the Matter of:

Respondent: YUVINDRA SUROOJBALLY                                      currently residing at:

4250 FEDERAL DRIVE BATAVIA,NEW YORK,14020                    (585) 344-6500

    (Number, street, city, state and ZIP code)                (Area code and phone number)

[ ] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[X] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of GUYANA and a citizen of GUYANA;

3. On December 21, 2010, you were admitted to the United States at New York, NY as a lawful permanent resident (class F-25);

4. On June 2, 2022, you were enjoined under a protection order issued by the Guilderland Town Court Court of the State of New York;

5. On July 28, 2023, the Schenectady City Court determined that you had engaged in See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(E)(ii) of the Immigration and Nationality Act, as amended, in that you are an alien who at any time after entry has been enjoined under a protection order and has been determined to have engaged in conduct in violation of that order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued.

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:        [ ] 8CFR 208.30        [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

4250 FEDERAL DR RM F108 BATAVIA NY 14020. EOIR SPC Batavia, NY

    (Complete Address of Immigration Court, including Room Number, if any)

on September 6, 2024 at    9:00 AM    to show why you should not be removed from the United States based on the
   (Date)      (Time)

charge(s) set forth above.                P 7108 SALMON - SDDO
                               (Signature and Title of Issuing Officer)

Date: August 16, 2024                        Malta, NY
                                      (City and State)

### Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at                    . Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at                    , as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____ (Signature of Respondent)

_____
(Signature and Title of Immigration Officer)

Date:  8/16/2024

### Certificate of Service

This Notice To Appear was served on the respondent by me on  August 16, 2024 , in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person    [ ] by certified mail, returned receipt # _____ requested    [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services. + Form EOIR 33

The alien was provided oral notice in the  English                  language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

T 4884 HANCOX - DO

_____
(Signature and Title of officer)

DHS Form I-862 (6/22).

Page 2 of 4

Uploaded on: 08/09/2024 12:02:00 AM Eastern Daylight Time, Based on CDT 8:24:24 Page 13 of 148



## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at                                               . When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at                                               . Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

DHS Form I-862 (6/22)

Uploaded on: 08/19/2024 24:03:09 457 Eastern Daylight Time - Base City 07/07/2254 Page 14 of 148

U.S. Department of Homeland Security

Continuation Page for Form ___I-862___

| Alien's Name<br>SUROOJBALLY, YUVINDRA | File Number<br>061 758 820<br>Event No: ALB2411000036 | Date<br>08/16/2024 |
|---|---|---|

THE SERVICE ALLEGES THAT YOU:
------------------------------

conduct that violated a portion of that order that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued.

| Signature<br><br>P 7108 SALMON | Title<br><br>SDDO |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BATAVIA IMMIGRATION COURT**

Respondent Name:

    SUROOJBALLY, YUVINDRA

To:

    Saccone, Kurt Reagan
    300 International Drive
    Suite 100
    Buffalo, NY 14221

A-Number:
061758820
Riders:
In Custody Redetermination Proceedings

Date:
09/04/2024

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑    Denied, because
     Respondent did not meet his burden as to danger.

☐    Granted. It is ordered that Respondent be:
    ☐   released from custody on his own recognizance.
    ☐   released from custody under bond of $
    ☐   other:

☑    Other:
     Oral decision this date incorporated into this order by this reference.

Immigration Judge: COUNIHAN, BRIAN J 09/04/2024

Appeal:      Department of Homeland Security: ☑ waived ☐ reserved

               Respondent: ☐ waived ☑ reserved

Appeal Due: 10/04/2024

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : SUROOJBALLY, YUVINDRA | A-Number : 061758820

Riders:

Date: 09/04/2024 By: PHAIR, DEANNA, Court Staff

Sydney V. Probst                                              **DETAINED**
Assistant Chief Counsel
Department of Homeland Security
U.S. Immigration and Customs Enforcement
4250 Federal Drive
Batavia, NY 14020

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**BATAVIA, NEW YORK**

| IN THE MATTER OF | IN REMOVAL PROCEEDINGS |
|---|---|
| **Yuvindra SUROOJBALLY** | **CASE # A061 758 820** |
| **RESPONDENT** | |

Immigration Judge:  Hon. Brian Counihan    Hearing Date:  August 28, 2024 1:00 PM

**NOTICE OF FILING OF DHS REMOVAL EVIDENCE**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**BATAVIA, NEW YORK**

| IN THE MATTER OF | IN REMOVAL PROCEEDINGS |
|---|---|
| Yuvindra SUROOJBALLY | CASE # A061 758 820 |
| RESPONDENT | |

| Exhibit | Documents | Page(s) |
|:---:|:---:|:---:|
| A | Department of State Immigrant Data Summary | 1 |
| B | Record of Conviction | 2-8 |
| C | Plea Transcript | 9-30 |
| D | NYS RAP Sheet | 31-37 |

*Sydney V. Probst*
Sydney V. Probst
Assistant District Counsel
Batavia, NY

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**BATAVIA, NEW YORK**

| IN THE MATTER OF | IN REMOVAL PROCEEDINGS |
|---|---|
| **Yuvindra SUROOJBALLY** | **CASE # A061 758 820** |
| **RESPONDENT** | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, I caused to be served the DHS Evidence

☐      an identical copy in a sealed envelope with postage thereon fully prepaid and causing the same to be deposited with the U.S. Postal Service to the person at the precise and complete address set forth below. (*See* Immigration Court Practice Manual, Chapter 3.2)

☒      an identical copy hand-delivered to a responsible person at the address, set forth below, of the individual being served.
(*See* Immigration Court Practice Manual, Chapter 3.2)

☐      via ECAS which will automatically notify both parties that a new document has been filed.

        Yuvindra SUROOJBALLY
        c/o Buffalo Federal Detention Facility
        4250 Federal Drive
        Buffalo, NY 14020

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 23, 2024.

*Edwin C. Martin Jr.*

Edwin C. Martin Jr.
Legal Assistant
U.S Department of Homeland Security
Immigration and Customs Enforcement
Batavia, NY

# Immigrant Data Summary

### *(This is not a visa.)*

**Date/Time Prepared: 09-DEC-2010 13:35**

---

A-Number: A61758820

Case ID: GEO2005658016

Family Name: SUROOJBALLY

First Name: YUVINDRA

ALIAS:

A061758820

YUVINDRA N SUROOJBALLY
C/O KALOWTIE SUROOJBALLY
164 HIGHLAND AVE
EDISON NJ 08817

...ROOJBALLY
...D AVENUE
...8817
...CHILDREN UNDER 16
...VN

YUVINDRA N SUROOJBALLY
C/O KALOWTIE SUROOJBALLY
164 HIGHLAND AVE
EDISON NJ 08817

Issue Date: 09-DEC-2010
Visa Expiration Date: 08-JUN-2011
Passport Number: R0172212
Other Travel Document Info:

Issued To: YUVINDRA SUROOJBALLY

...OFFICE, GEORGETOWN
...cc/FTJ Father/Mother/Spouse

01/07/2011   SRC-11-066-50840   SRCDMA02

Photo:

01/07/2011   SRC-11-066-50840   SRCDMA02

SRC-11-066-50840
OS-155A



Admission Stamp

ADMITTED
NYC
DEC 2 1 2010
Class F25
A61758820

JAN 0 6 2011

TX # 2301008

...but Unclassified (SBU)

1

# SCHENECTADY CITY COURT

**NO FEE**

531 Liberty Street, Schenectady, NY 12305

Phone: (518) 453-6989

e-mail: SchenectadyCity@nycourts.gov

Court ORI: NY046011J

| The People of the State of New York | **Certificate of Disposition** |
|---|---|
| vs. | Docket Number: **CR-02318-23** |
| **Yuvindra Suroojbally** | |
| | NYSID: 14745166N |

Defendant DOB: **10/26/1996**          Arrest Date: **05/11/2023**          Arraignment Date: **05/11/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Schenectady City Court** concerning the above entitled matter and finds the following:

| Number of Counts | Incident Date | Sentence Charge | Charge Description | Charge Weight | Conviction Type | Conviction/ Sentence Date | Sentence Highlight |
|---|---|---|---|---|---|---|---|
| 1 | 04/21/2023 | PL 110-215.50 03 | Attempted Crim Contempt-2nd:Disobey Crt | BM | Pled Guilty | Conv: 07/28/2023 Sent: 10/20/2023 | • Surcharge (MS ($175.00), CVAF ($25.00) - due 11/20/2023) • Probation (1 Years) • Fee (DNA ($50.00) - due 11/20/2023) |

**A balance remains due and owing for fines, fees and/or surcharges imposed at sentence.**

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **November 3, 2023**                                   Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

Pursuant to Judiciary Law § 212.2(z), a certificate of disposition for the public contains only records of convictions, if any, and information about pending cases. All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)] Conviction charges may not be the same as the original arrest charges.

| 1. NYSID No. | 2. OBTS No. | | New York State | 3. C.. No. | 4. Ref No. | 4b. |
|---|---|---|---|---|---|---|
| 14006603N | NA | | ARREST REPORT | 23079338 | | |
| 5. FBI No. | 6. Arrest No. | 7. Agency | | 8. Divis/Precinct | 4a. RICI No. | |
| | 230001030 | SCHENECTADY POLICE DEPARTMENT | | | | |

**DEFENDANT**

| 9. Name (Last, First) | | | | 10. Alias/Nickname | 11. Phone Number |
|---|---|---|---|---|---|
| SUROOJBALLY, YUVINDRA | | | | | 5183328979 |

| 12. Street Number and Name | 13. City, State, Zip (C,T,V) | 14. Residence Status | 15a. POB |
|---|---|---|---|
| 410 N. BRANDYWINE#1 | Schenectady, NY 12304 | | GY |

| 16. Date of Birth | 17. Age | 18. Sex | 19. Race | | 20. Ethnic | 21. Skin | 15b. POB |
|---|---|---|---|---|---|---|---|
| 10/26/1996 | 26 | Male | | | Non Hispanic | Medium | US |

| 22. Height | 23. Weight | 24. Hair | 25. Eyes | 26. Glasses | 27. Build | 28. Marital Status | 29. US Citizen | 30. Citizen of |
|---|---|---|---|---|---|---|---|---|
| 5'5" | 130 | BLK | BLK | NONE | Small | | Y | US |

| 31. Social Security No | 32. Education | 33. Religion | 34. Occupation | 35. Employed | 36. Scars, Marks, Tattoos |
|---|---|---|---|---|---|
| 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 | | | PLUMBER | Y | TAT-RF FARZANA |

**ARREST**

| 37. Arresting Officer | 38. ID No | 39. Assisting Officer | 40. ID No | 41. Arrest Date | 42. Time | 43. Location of Arrest (C,T,V) |
|---|---|---|---|---|---|---|
| HOY, MATTHEW | 9460 | | | 05/11/2023 | 08:30 | 531 LIBERTY ST; SPD |

| 44. Juvenile | 45. Condition of Defendant | 46. Weapons at Arrest | 47. Co-defendants Arrest No |
|---|---|---|---|
| No | Normal | | |

| 48. Miranda | 49. Miranda By | 50. Miranda Date | 51. Miranda Time | 52. Statements | 53. Status | 54. Search Warr | 55. ID Procedure |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 56. Arraign Court | 57. Arraign Judge | 58. Date | 59. Time | 60. Property | 61. Evid | 61a. Process By | 61b. Disposition |
|---|---|---|---|---|---|---|---|
| SCHENECTADY CITY COURT | | 05/11/2023 | 09:00 | No | | | |

| 62. Incident No | 63. Arrestee Status | 64. Bail Amount | 65. Bondsman | 66. Photo No. |
|---|---|---|---|---|
| 23079338 | LODGED-ADULT | 0 | | |

| 67. Arrest Type | 68. Warrant No | 69. Arrest FOA | 70. Other Agency | 71. F/P Taken |
|---|---|---|---|---|
| Arrest Warrant | 42813 | No | | No |

| 72. Location of Offense | 73. Offense Date | 74. Offenders | 75. Victims | 76. Return Court | 77. Judge | 78. Date | 79. Time |
|---|---|---|---|---|---|---|---|
| 0 CITY OF SCHENECTADY | 04/21/2023 | 1 | 1 | | | | |

**CHARGE**

| 80. Defendant/Case TOT Agency | 80a. Officer's Name | 80b. ID No. | 81. Time | 82. Date |
|---|---|---|---|---|
| | | | | |

| 83. Law | Article & Section | SUB | CL | CAT | DEG | ATT | NAME OF OFFENSE | CTS | NCIC Code | VICTIM | ASSOC NO | TYPE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PL | 21551B3EF1 | | | | | No | CRIM CONTEMPT-1ST - COMMUNICATES | 1 | 5016 | | | |

**APPEARANCE**

| 84. Person Type | | | | | |
|---|---|---|---|---|---|
| Type | NAME (LAST, FIRST, MIDDLE) | STREET NAME & NUMBER | CITY/STATE/ZIP | TELEPHONE NO. | |
| CO | MCGUIRL, HON | | | | |

**NARRATIVE**

| 85. DOMESTIC |
|---|
| |

| 86. Arresting Officer's Signature | 87. ID No | 88. Supervisor's Signature | 89. ID No. | 94. 1 Page |
|---|---|---|---|---|
| 90. Result of SAFIS Latent Print ID? | 91. | | | of Pages |
| Yes No Unknown | | | | |

Certified to be a True and Accurate Copy of the Original
which is filed and maintained in the Office of the City
Court of Schenectady.

REBECCA ROSE, CHIEF CLERK

*Rebecca Rose*

Case 6:24-cv-06745-EAW    Document 1-1    Filed 12/31/25    Page 23 of 148



**COURT COPY**

**City Court**
**City of Schenectady, ss:**

**Felony Complaint**
**Class E**
**Domestic**
**Ex-Boyfriend/Ex-Girlfriend**

# City of Schenectady, County of Schenectady, ss:

I, **Ptl. J. Davey #35**, being duly sworn, deposes and says that;
He is **a Police Officer for the City of Schenectady, New York, that:**
**Suroojbally, Yuvindra (DOB: 10/26/1996)** in the City and County of
Schenectady on the 21st day of April, 2023 did intentionally, unlawfully, and
knowingly commit the offense of **Criminal Contempt in the First Degree** in
violation of Subdivision (B) (III) of Section 215.51 of the Penal Law of the State of
New York, in that he did on the aforesaid date at or about 1749 hours.

A person is guilty of Criminal Contempt in the First Degree when:
         (B) In violation of a duly served Order of Protection, or such order of which
the defendant has actual knowledge because he or she was present in court
when such order was issued, he or she:
         (III) Intentionally places or attempts to place a person for whose protection
such order was issued in reasonable fear of physical injury, serious physical
injury or death when he or she communicates or causes a communication to be
initiated with such person by mechanical or electronic means or otherwise,
anonymously or otherwise, by telephone, or by telegraph, mail or any other form
of written communication

To wit: On the above date and approximate time while in the City of
Schenectady, County of Schenectady, New York, the defendant did knowingly
and unlawfully commit the offense of Criminal Contempt in the First Degree. The
defendant did so, when during the course of a domestic dispute with the victim,
**Saffie, Farzana (DOB: 08/18/1990)**, he did call the victim and make threats of
physical action stating *Watch what I'm going to do, your boyfriend better protect
you tonight." Said actions of the defendant did violate a duly served Stay Away
Order of protection issued out of **Guilderland Town Court** by the Honorable
Bryan M. Clenahan on 06/02/22 and is set to expire on 06/01/2025. Docket #-
21060046.

This information is upon information and belief. The source of the deponent's information and the grounds for his belief
being that of his personal investigation, a signed DIR and E- Justice.

Wherefore, deponent requests the defendant be arrested and dealt with according to law. False statements made in the
foregoing instrument are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law. With notice
of the foregoing, I hereby affirm that the foregoing statements of fact are true under penalty of perjury, this 21st day of
April, 2023.

*PtL*  #35

SCHENECTADY CITY COURT

APR 23 2023

FILED

Certified to be a True and Accurate Copy of the Original
which is filed and maintained in the Office of the City
Court of Schenectady.

REBECCA ROSE, CHIEF CLERK
*Rebecca Rose*

ORI No: NY001211J
Order No: 2022-000078
NYSID No: 14745166N
CJTN No: _____

Criminal Form 1 12/2020

At a term of the Guilderland Town Court, County of Albany, at the Courthouse at Town Hall
PO Box 339, Guilderland, NY 12084, State of New York

PRESENT: Honorable Bryan M. Clenahan

**ORDER OF PROTECTION**
Family Offenses - C.P.L. 530.12

**PEOPLE OF THE STATE OF NEW YORK**
- against -
Yuvindra Suroojbally ,
Defendant

☐ Youthful Offender (check if applicable)

Part: DV   Case No.: 21060046

DOB: 10/26/1996

Defendant Present in Court

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND CONTINUE IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

**THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER.**

☐ **TEMPORARY ORDER OF PROTECTION** - Whereas good cause has been shown for the issuance of a temporary order of protection

☒ **ORDER OF PROTECTION** - Whereas defendant has been convicted of [specify crime or violation]:

PL 215.50 AM Criminal Contemp- 2nd, 1 count(s) of A Misd

And the Court having made a determination in accordance with section 530.12 of the Criminal Procedure Law,

**IT IS HEREBY ORDERED** that the above-named defendant Yuvindra Suroojbally (DOB: 10/26/1996) observe the following conditions of behavior:

[01]   Stay away from [A]   Jaiden Saffie (DOB: 06/22/2009);

[B]   the home of Jaiden Saffie (DOB: 06/22/2009);

[C]   the school of Jaiden Saffie (DOB: 06/22/2009);

[D]   the business of Jaiden Saffie (DOB: 06/22/2009);

[E]   the place of employment of Jaiden Saffie (DOB: 06/22/2009);

[14]   Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with Jaiden Saffie (DOB: 06/22/2009);

[17]   Refrain from remotely controlling, monitoring or otherwise interfering with any electronic device or other object affecting the home, vehicle or property of Jaiden Saffie (DOB: 06/22/2009) by connection through any means, including, but not limited to, the internet, Bluetooth, a wired or wireless network, or other wireless technology.

[02]   Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful dissemination or publication of intimate image(s) or any criminal offense against Jaiden Saffie (DOB: 06/22/2009);

**IT IS FURTHER ORDERED** that this order of protection shall remain in force until and including 06/01/2025.

**DATED: 06/02/2022**

☒ Defendant advised in Court of issuance and contents of Order.

☐ Order to be served by other means [specify]: _____

☐ Warrant issued for Defendant

☒ Order personally served on Defendant in Court

Honorable Bryan M. Clenahan

(Defendant's signature)

☐ **ADDITIONAL SERVICE INFORMATION** [specify]: _____

The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize and in some situations may require, such officer to arrest a defendant who is alleged to have violated its terms and to bring him or her before the Court to face penalties authorized by law.

Federal law requires that this order be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person against whom the order is sought is an intimate partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 USC §§2265, 2266).

It is a federal crime to:

• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;

• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty); and

• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired. (18 U.S.C. 922(g)(8), §§922(g)(9), 2261, 2261A, 2262).

Criminal Form 1
12/2020

At a term of the _Justice_ Court, County of _Albany_
at the Courthouse at _Guilderland_, State of New York

ORI No: _____

Order No: _____
NYSID No: _____

CJTN No. _____

**ORDER OF PROTECTION**
Family Offenses - C.P.L. 530.12

PRESENT: Hon. _Bryan McClenahan_
PEOPLE OF THE STATE OF NEW YORK

☐ Youthful Offender (check if applicable)
Part: _____ Index/Docket No: _____
Indictment No., if any: _____
Charges: _PL 215.50 Crim Contempt_
2° C

against

_____

_Uraindra Suroy bally_ Defendant  Date of Birth: _10/26/9?_

[Check box]: ☐ Ex Parte ☒ Defendant Present In Court

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

**THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER.**

☐ **TEMPORARY ORDER OF PROTECTION** - Whereas good cause has been shown for the issuance of a temporary order of protection [as a condition of ☐ recognizance ☐ release on bail ☐ adjournment in contemplation of dismissal]
☒ **ORDER OF PROTECTION** - Whereas defendant has been convicted of [specify crime or violation]: _PL 215.50_
And the Court having made a determination in accordance with section 530.12 of the Criminal Procedure Law,

**IT IS HEREBY ORDERED** that the above-named defendant observe the following conditions of behavior:
[Check applicable paragraphs and subparagraphs]:

[01]☒ Stay away from [A] ☐ (name(s) of protected person(s) or witness(es)): _Farzana Suffie_ and/or from the
[B] ☒ home of _Farzana Suffie_ [C]☒ school of _____
[D] ☒ business of _____ [E]☒ place of employment of _"_
[F] ☐ other _____
— ☐ except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody, visitation or child abuse or neglect proceeding.

[14]☒ Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with [specify protected person(s)]: _Farzana Suffie_ ;
☐ except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody, visitation or child abuse or neglect proceeding.

[17]☒ Refrain from remotely controlling, monitoring or otherwise interfering with any electronic device or other object affecting the home, vehicle or property of the protected person(s) by connection through any means, including, but not limited to, the internet, Bluetooth, a wired or wireless network, or other wireless technology.

[02]☒ Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful dissemination or publication of intimate image(s) or any criminal offense against [specify protected person(s), members of such person's family or household, or person(s) with custody of child(ren)]: _Farzana Suffie_ ;

[15] ☐ Refrain from intentionally injuring or killing without justification the following companion animal(s) (pet(s)) [specify type(s) and, if available, name(s)]: _____

EOIR — 9 of 40

[1] ☐ Permit [specify individual]: _____ to enter the residence at [specify]: _____ during [specify date/time]: _____ with [specify law enforcement agency, if any]: _____ to remove personal belongings not in issue in litigation [specify items]: _____

[04] ☐ Refrain from [indicate acts]: _____ that create an unreasonable risk to the health, safety, or welfare of [specify child(ren), family or household member]: _____ ;

[05] ☐ Permit [specify individual(s)]: _____ entitled by a court order or separation or other written agreement, to visit with [specify child(ren)]: _____ during the following periods of time [specify]: _____ , under the following terms and conditions [specify]: _____ ;

[12] ☒ Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following ___Any___ and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but in no event later than [specify date/time]: _ASAP_ at: _Cumberland PD_ [13] And it is further ordered that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby [13A] ☐ suspended or [13B] ☐ revoked (note: final order only), and/or [13C] ☐ the Defendant shall remain ineligible to receive a firearm license during the period of this order. (Check all applicable boxes). **NOTE: If this paragraph is checked, a copy of this form must be sent to: New York State Police, Pistol Permit Section, State Campus Building #22, 1220 Washington Avenue, Albany, New York 12226-2252.**

[16] ☐ Promptly return or transfer the following identification documents [specify]: _____ _____ to the party protected by this Order NOT LATER THAN [specify date]: _____ in the following manner [specify manner or mode of return or transfer]: _____

[Check box(es) if applicable]: ☐ Such documents shall be made available for use as evidence in this judicial proceeding.

☐ [Jointly owned documents or documents in both parties' names only]: the following document(s) may be used as necessary for legitimate use by the defendant [specify]: _____

[99] ☐ Specify other conditions defendant must observe for the purposes of protection: _____ _____

**IT IS FURTHER ORDERED** that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby [13A] ☐ suspended or [13B] ☐ revoked (note: final order only), and/or [13C] ☐ the Defendant shall remain ineligible to receive a firearm license during the period of this order. (Check all applicable boxes).

**IT IS FURTHER ORDERED** that this order of protection shall remain in force until and including [specify date]: _6/1/25_, but if you fail to appear when you are required to do so, the order may be extended and continue in effect until a new date set by the Court.

DATED: _6/2/22_ _____
_____ JUDGE / JUSTICE
Court (Court Seal)

☒ Defendant advised in Court of issuance and contents of Order.
☒ Order personally served on Defendant in Court

(Defendant's signature)

☐ Order to be served by other means [specify]: _____
☐ Warrant issued for Defendant
☐ ADDITIONAL SERVICE INFORMATION: [specify]: _____

The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize and in some situations may require, such officer to arrest a defendant who is alleged to have violated its terms and to bring him or her before the Court to face penalties authorized by law.
Federal law requires that this order be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person against whom the order is sought is an intimate

EOIR – 10 of 40

7

partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 USC §§2265, 2266).

It is a federal crime to:

• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;

• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect

(Note: there is a limited exception for military or law enforcement officers but only while they are on duty); and

• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired. (18 U.S.C. "922(g)(8), 922(g)(9), 2261, 2261A, 2262).

EOIR — 11 of 40

CRIMINAL COURT OF THE STATE OF NEW YORK
SCHENECTADY CITY COURT

------------------------X
IN THE MATTER(S) OF:

THE PEOPLE OF THE STATE
OF NEW YORK,                         File No. 148288
                    Petitioner,
                                     Docket No(s).:
            Vs.                      CR-02318-23

YUVINDRA SUROOJBALLY,

                    Respondent.
------------------------X

                        October 20, 2023

                        Review Pre-Sentence Investigation,
                        Violation of Probation

HELD AT:                531 Liberty Street
                        Schenectady, NY 12305

BEFORE:                 HON. BRANDI BURNS
                        Judge, Criminal

APPEARANCES:            MIKE DEMATTEO, ESQ
                        Attorney for The People

                        HEATHER GRAY, ESQ
                        Attorney for Yuvindra Suroojbally

ALSO PRESENT:           YUVINDRA SUROOJBALLY

Digitally Recorded Proceeding, Transcribed by:
                SONYA LEDANSKI HYDE

                Veritext Legal Solutions
            330 Old Country Road - Suite 300
                    Mineola, NY 11501

9

PROCEEDINGS

1          CLERK:  Yuvindra Suroojbally?

2          MS. GRAY:  Judge, this was Mr. Weiss's case.  I

3     am covering for today's purposes.  I do believe that the

4     PSI, there's going to be some changes, minor changes, and

5     he is going to admit and then be referred to probation.

6     But I'll leave it up to your judgment.

7          MR. DEMATTEO:  We have the offer.  We have the

8     offer.  Something seems wrong here, but we have the

9     offer.

10         MS. GRAY:  (inaudible)

11         MR. DEMATTEO:  Oh, because it's (inaudible).

12    Judge, can the Court tell me what they have for the

13    offer?

14         THE COURT:  All right.  On the violation of

15    probation, I believe it was just admit and be restored.

16         MR. DEMATTEO:  Yes, I see that.

17         THE COURT:  And then on the new charge, I have

18    attempted criminal contempt second, one year probation

19    consecutive, and a three-year full stay away order of

20    protection.

21         MR. DEMATTEO:  Yeah.  That's correct.  Okay.  I

22    got it now.  Thank you.

23         MS. GRAY:  (inaudible) Sorry.

24         MR. SUROOJBALLY:  (inaudible)

25         MS. GRAY:  I don't know.  Let's just do one

EOIR - 13 of 40

1      thing at a time.  Okay?  So look at the (inaudible).  Is

2      that your employment?

3                  MR. SUROOJBALLY:  (inaudible)

4                  MS. GRAY:  (inaudible)

5                  MR. SUROOJBALLY:  Mm hmm.

6                  MS. GRAY:  Okay.  Anything else?

7                  MR. SUROOJBALLY:  No.

8                  MS. GRAY:  Okay.  Did you sign this?  Did you

9      look at all these?

10                  MR. SUROOJBALLY:  I (inaudible) sign.

11                  MS. GRAY:  Did you look at these?

12                  MR. SUROOJBALLY:  Yes.

13                  MS. GRAY:  Okay.  Just sign (inaudible) this

14      last page.

15                  THE COURT:  Chris, is the plea already entered?

16                  CLERK:  (inaudible)

17                  MS. GRAY:  (inaudible) you would like him to

18      admit to?

19                  MR. DEMATTEO:  I don't care about that.

20                  THE COURT:  Okay.

21                  MR. DEMATTEO:  (inaudible)

22                  MS. GRAY:  They're in Family Court, so I think

23      I need a Family Court exception.  I mean, to be honest, I

24      don't feel comfortable about doing this because I

25      (inaudible) this case.

Uploaded on: 08/23/2024 03:50:39 PM Eastern Daylight Time - Base City

 1              MR. SUROOJBALLY:  (inaudible)

 2              MS. GRAY:  (inaudible)

 3              MR. SUROOJBALLY:  I get that.

 4              MS. GRAY:  (inaudible) one copy.

 5              THE COURT:  (inaudible)  Just one copy, right?

 6              CLERK:  No, there is an extra one.

 7              THE COURT:  Where's the other one?

 8              CLERK:  It's right there.  She had it.

 9              THE COURT:  Okay.  We need to get that one.

10      Okay.  I'll get it.

11              CLERK:  Okay.

12              MS. GRAY:  Thank you (inaudible).  Did you read

13      all the terms and conditions?

14              MR. SUROOJBALLY:  Yes.

15              MS. GRAY:  Do you have any objection to any of

16      those?

17              MR. SUROOJBALLY:  No.

18              MS. GRAY:  Okay.  Sign that, please.  Okay.  So

19      the other part (inaudible) in Family Court.  Who is that?

20      (inaudible)?

21              MR. SUROOJBALLY:  Yes.

22              MS. GRAY:  Okay.

23              MR. SUROOJBALLY:  It's for custody.

24              MS. GRAY:  Okay.  So, here now there will be a

25      (inaudible) order of protection (inaudible) Court

Uploaded on: 08/23/2024 03:50:37 PM Eastern Daylight Time

1    exception.

2              MR. SUROOJBALLY:  Okay.

3              MS. GRAY:  Did you talk to (inaudible) about

4    that?

5              MR. SUROOJBALLY:  (inaudible)

6              MS. GRAY:  So, you'd have to go back then to

7    Family Court to be able to (inaudible).  What's the

8    arrangement right now?

9              MR. SUROOJBALLY:  (inaudible) modified.  So I

10   would probably have (inaudible).

11             MS. GRAY:  (inaudible) but it's a Court order

12   and you have to go back (inaudible).  I don't think you

13   should pursue it.

14             MR. SUROOJBALLY:  I mean, like, let's just

15   leave it as is.  (inaudible)

16             MS. GRAY:  Right, you can't.  But you can't

17   have contact until (inaudible) subsequent (inaudible)

18   with the child.  And I don't want you to -- you're going

19   to have to go there and get a Family Court -- subsequent

20   Family Court order.  What is the arrangement now?

21             MR. SUROOJBALLY:  I would just (inaudible).

22             MS. GRAY:  Oh, it's just started?

23             MR. SUROOJBALLY:  Yeah.  (inaudible)

24             MS. GRAY:  Okay.  But what is your -- what is

25   the visitation arrangement right now?

EOIR - 16 of 40

Uploaded on: 08/23/2024 03:50:52 PM Eastern Daylight Time - Base City 03/31/25
Case 6:24-cv-06745-EAW Document 1-1 Filed 02/31/25 Page 33 of 148

People Suroojbally 10/20/2023                                6
PROCEEDINGS

1        MR. SUROOJBALLY:  Every other week.

2        MS. GRAY:  Okay.

3        MR. SUROOJBALLY:  (inaudible)

4        MS. GRAY:  But you're not going to be able to

5   do anything with this Court order of protection

6   (inaudible).  You're going to have to go back to court.

7        MR. SUROOJBALLY:  Yeah.

8        MS. GRAY:  How are they doing that now if

9   there's a Court order?

10       MR. SUROOJBALLY:  (inaudible)

11       MS. GRAY:  Okay.  Then continue that --

12       MR. SUROOJBALLY:  Yeah.

13       MS. GRAY:  Okay?  Okay.  So you're okay with

14   the terms and conditions.  We're going to give both

15   copies back to the Court for her signature.

16       MR. SUROOJBALLY:  Mm hmm.

17       MS. GRAY:  And then we're going to just note

18   these two things.  Okay?

19       Judge, Mr. Suroojbally, he did go ahead and

20   sign and execute the two copies of the terms and

21   conditions.  Those appear to be in order.  We just need

22   the Court's signature.  And then do I get one copy back?

23       THE COURT:  That's up to --

24       MS. GRAY:  If I could -- and then I'll make a

25   copy, just for my file?  Can you sign right here?  This

Uploaded on: 08/23/2024 03:59:42 PM Eastern Daylight Time - Base City 07/31/25

1    is for the DNA.  Oh, yeah.

2                CLERK:  (inaudible)

3                MS. GRAY:  Go ahead.

4                CLERK:  (inaudible) information (indiscernible)

5    the 728 order (inaudible).

6                MS. GRAY:  Okay.  And then you (inaudible).

7                MR. DEMATTEO:  I don't have an (inaudible).

8                MS. GRAY:  (inaudible)

9                MR. DEMATTEO:  I just have that was adjourned.

10               MS. GRAY:  (inaudible) stay order of protection

11   and (inaudible).

12               MR. DEMATTEO:  It's domestic.  The order is

13   domestic.

14               THE COURT:  And it's (inaudible)?

15               MR. DEMATTEO:  Three years.

16               CLERK:  Three years --

17               THE COURT:  Three years on --

18               CLERK:  (inaudible).

19               THE COURT:  (inaudible), yeah.

20               MS. GRAY:  (inaudible)  This is (inaudible)

21   contempt.  This is the one you're going to plead to

22   (inaudible) second.  And then --

23               MR. SUROOJBALLY:  (inaudible)

24               MS. GRAY:  Is that the one?  All right.

25   (inaudible) one because (inaudible), but is this the

1        (inaudible) criminal contempt second that he's going to

2    plead out to now?

3              THE COURT:  I know.  So now, do you --

4              MR. DEMATTEO:  (inaudible)

5              THE COURT:  Do you want me to give Ms.

6    (inaudible) --

7              MR. DEMATTEO:  He's already pled anyway.

8              THE COURT:  -- one full copy, or do you want

9    her to make a copy?

10             MS. GRAY:  Well, he has a new criminal contempt

11   second that he has to plead to.

12             CLERK:  (inaudible)

13             MR. DEMATTEO:  (inaudible) he's getting a one

14   year sentence consecutive (inaudible).

15             THE COURT:  Okay.

16             MR. DEMATTEO:  Probation --

17             MS. GRAY:  Okay.  So, I don't --

18             MR. DEMATTEO:  It's from --

19             THE COURT:  Doing the stay away order, I'm

20   going to have to admit (inaudible) on the (inaudible).

21             MS. GRAY:  So, okay.  So it's this one.

22   (inaudible) he already pled and --

23             MR. DEMATTEO:  I don't know what that is.

24             MS. GRAY:  -- probably.  Okay.  I do this one,

25   then?

EOIR - 19 of 40

PROCEEDINGS

1          MR. DEMATTEO:  (inaudible) I mean, that's what

2     it says here, at least ours shows, that April 21st one.

3     No, it's (inaudible).

4          MS. GRAY:  All right.  Yeah, it's just --

5     (inaudible) it to 4B then --

6          MR. DEMATTEO:  Okay.

7          MS. GRAY:  -- since he already pled to it,

8     right?

9          MR. DEMATTEO:  Mm hmm.

10          MS. GRAY:  Okay.  Judge, he's going to go ahead

11     and admit on the violation of probation to 4B, whenever

12     the Court is ready.

13          MR. SUROOJBALLY:  (inaudible)

14          MS. GRAY:  I think we got it.  Okay?

15          THE COURT:  It's the full stay away order.  Do

16     you need that DNA order back?

17          CLERK:  Yes.

18          JESSICA SANCHEZ:  And I need the DNA order, a

19     copy of the DNA order --

20          MS. GRAY:  Okay.  He already --

21          THE COURT:  -- back too as well.

22          MS. GRAY:  He already signed that.

23          THE COURT:  Yep.  I just need that back after

24     you make a copy.

25          MS. GRAY:  Okay.  She needs it back.  And then

Case 6:24-cv-06745-EAW Document 1-1 Filed 02/31/25 Page 37 of 148
Uploaded on: 08/23/2024 03:50:52 PM Eastern Daylight Time - Base City 02/31/25

People Suroojbally 10/20/2023                                    10
PROCEEDINGS

1    we need Family Court exception with regard to the order

2    of protection.  (inaudible)

3                MR. SUROOJBALLY:  (inaudible)

4                MS. GRAY:  (inaudible)

5                MR. SUROOJBALLY:  (inaudible)

6                MS. GRAY:  Okay.  So we'll just shoot this back

7    at her.

8                MR. SUROOJBALLY:  (inaudible)

9                CLERK:  (inaudible)

10               THE COURT:  Okay.

11               MS. GRAY:  So, this one he signed, but we need

12   the Family Court exception.  So can we just get this

13   (inaudible) done?

14               THE COURT:  Yep.

15               MS. GRAY:  Okay.  I'll give you that back.

16   Give that back.  (inaudible) Okay?

17               MR. SUROOJBALLY:  (inaudible)

18               MS. GRAY:  So we keep that.

19               THE COURT:  While we're working on that revised

20   order of protection, do we want to do the violation --

21   admit to the violation?

22               MS. GRAY:  4B.

23               THE COURT:  4B.  Okay.  So, Suroojbally, is

24   that how you say it?

25               MR. SUROOJBALLY:  Yes.

Uploaded on: 08/23/2024 03:59:39 PM Eastern Daylight Time - Base City G2/31/25

PROCEEDINGS

1          THE COURT:  Okay.  Mr. Suroojbally, on April

2     21, 2023, did you violate a stay away order of protection

3     issued on June 2, 2022 in Guilderland Town Court by

4     contacting the victim in this manner, by making threats

5     to the victim.

6          MR. SUROOJBALLY:  Yes.

7          THE COURT:  Okay.  Are the people satisfied?

8          MR. DEMATTEO:  Yes, Your Honor.

9          THE COURT:  Okay.  Okay, here's the revised.

10          MS. GRAY:  Judge, Mr. Suroojbally indicated to

11     me that with regards to the presentence investigation

12     report, that just on the cover sheet Page 1, is the

13     employer is not Blue Moon Construction.  It's Belleville

14     Mechanical, correct?

15          MR. SUROOJBALLY:  (inaudible)

16          THE COURT:  I'm sorry.  What is that?

17          MS. GRAY:  It's on Page 1 --

18          THE COURT:  Yep.

19          MS. GRAY:  -- employer --

20          THE COURT:  Just what was the name of the new

21     employer?

22          MS. GRAY:  Yes.  It's Belleville Mechanical, B-

23     E-L-L-E-V-I-L-L-E, Mechanical.

24          THE COURT:  Okay.

25          MS. GRAY:  (inaudible) It's the stay away order

1        of protection that we're talking about.  Was it a refrain

2        (inaudible) at the time?

3                    MR. SUROOJBALLY:  Yeah.  It was (inaudible).

4                    MS. GRAY:  (inaudible) issued (inaudible).

5                    MR. SUROOJBALLY:  (inaudible)

6                    MS. GRAY:  Okay.  Do you have a copy of this,

7        or is this --

8                    THE COURT:  That's yours.

9                    MS. GRAY:  Okay.  (inaudible) I'm giving you a

10       copy of (inaudible) --

11                   MR. SUROOJBALLY:  Okay.

12                   MS. GRAY:  -- to you.  These two copies are for

13       you.  This is yours.  You signed this, right?

14                   MR. SUROOJBALLY:  Yes.

15                   MS. GRAY:  This is the (inaudible).

16                   THE COURT:  Thank you.

17                   MS. GRAY:  There wasn't (inaudible).  It was

18       (inaudible).

19                   MR. DEMATTEO:  (inaudible) case, but it was

20       just a (inaudible).  They might have wrote it wrong,

21       violation of probation portion.  (inaudible)

22                   MS. GRAY:  (inaudible)

23                   (Proceedings Concluded)

24

25

EOIR - 23 of 40

People / Suroojbally 10/20/2023                                        13
PROCEEDINGS

1                    C E R T I F I C A T E

2

3    I, Sonya Ledanski Hyde, certify that the foregoing transcript

4    of proceedings in the Schenectady Family Court of People /

5    Suroojbally, File No. 148288, Docket No(s). CR-02318-23 was

6    prepared using the required transcription equipment and is a

7    true and accurate record of the digitally recorded

8    proceeding.

9

10                        _Sonya M. Ledanski Hyde_

11   Signature:

12

13   Date:   July 15, 2024

14

15

16

17

18

19

20

21

22

23

24

25

CRIMINAL COURT OF THE STATE OF NEW YORK
SCHENECTADY CITY COURT

------------------------X
IN THE MATTER(S) OF:

THE PEOPLE OF THE STATE
OF NEW YORK,                          File No. 148288
                    Petitioner,
                                      Docket No(s).:
            Vs.                       CR-02318-23

YUVINDRA SUROOJBALLY,

                    Respondent.
------------------------X

                    July 28, 2023

                    To Consider Offer

HELD AT:            531 Liberty Street
                    Schenectady, NY 12305

BEFORE:             HON. KATHERINE A. MCGUIRL
                    Judge, Criminal

APPEARANCES:        MR. WEISS, ESQ
                    Attorney for Yuvindra Suroojbally

                    EMMA MOSKOWITZ, ESQ
                    Attorney for The People

ALSO PRESENT:       YUVINDRA SUROOJBALLY

Digitally Recorded Proceeding, Transcribed by:
                    SONYA LEDANSKI HYDE


                Veritext Legal Solutions
            330 Old Country Road - Suite 300
                    Mineola, NY 11501

**22**

PROCEEDINGS

 1              MR. WEISS:  Good afternoon, Judge.

 2              THE COURT:  Hello, Mr. Weiss.

 3              MR. WEISS:  I have Yuvindra Suroojbally.

 4              THE COURT:  All right.  So we're here on the

 5      violation of probation PT-3740-22, as well as the Docket

 6      CR-02381-23.  Mr. Suroojbally, could you state your name

 7      for me, please?

 8              MR. SUROOJBALLY:  Yuvindra Suroojbally.

 9              THE COURT:  Thank you.  All right.  Mr. Weiss?

10              MR. WEISS:  Judge, at our last appearance,

11      there was discussion of the People's offer plea to the

12      previously reduced charge of criminal contempt in the

13      second degree.  I believe Mr. Suroojbally would be placed

14      on one year of probation on that.  And then the violation

15      of probation petition, there would be an admission and a

16      restoration to probation.

17              THE COURT:  Mm hmm.  That is my recollection as

18      well.

19              MR. WEISS:  Okay.  Perfect.  I have discussed

20      that with Mr. Suroojbally.  My understanding is he is

21      willing to accept that.  We could move forward, at least

22      with plea and potentially admission on the violation of

23      probation today.

24              THE COURT:  With the violation of probation, or

25      you want --

1            MR. WEISS:  We --

2            THE COURT:  Do you want to do the plea and then

3     --

4            MR. WEISS:  Judge, I mean, I suppose we could

5     move forward with both a plea and an admission today.

6            THE COURT:  Mm hmm.

7            MR. WEISS:  And then I think we'd have to put

8     it out for a PSI.  I was hopeful that we had caught the

9     one-year window with the violation of probation petition.

10    But unfortunately, it looks like his PSI may have been

11    done approximately one year and one month ago.

12           THE COURT:  Yes.  Mm hmm.

13           MR. WEISS:  So we can move forward with the

14    plea today and then just adjourn it on sentence.

15           THE COURT:  All right.  Let's go ahead and --

16    is that what you would like to do, Mr. Suroojbally?

17           MR. SUROOJBALLY:  Yes.

18           THE COURT:  Okay.  Go ahead and raise your

19    right hand for me, please.

20           CLERK:  Do you swear and affirm to tell the

21    truth, the whole truth, and nothing but the truth, so

22    help you God?

23           MR. SUROOJBALLY:  Yes.

24           CLERK:  And state your name for the record?

25           MR. SUROOJBALLY:  Yuvindra Suroojbally.

1          THE COURT:  All right.  Mr. Suroojbally, the

2     Court has been asked to consider your plea to the

3     attempted criminal contempt in the second degree with one

4     year probation, to run concurrent with your existing

5     probation through the probation transfer that came from

6     Guilderland Town Court, and that the Court would issue a

7     three-year order of protection.  That would be to the

8     already reduced charge of criminal contempt in the second

9     degree.  Is that your understanding as well?

10          MR. SUROOJBALLY:  Yes.

11          THE COURT:  And you'd like to move forward?

12          MR. SUROOJBALLY:  Correct.

13          THE COURT:  All right.  If you need any more

14     additional time with Mr. Weiss, just let us know.  All

15     right.  Have you had an opportunity to speak with Mr.

16     Weiss about your case and the consequences of pleading

17     guilty?

18          MR. SUROOJBALLY:  Yes.

19          THE COURT:  Okay.  Are you satisfied with the

20     services of your attorney?

21          MR. SUROOJBALLY:  Yes.

22          THE COURT:  Okay.  Do you agree with me that

23     back on April 21, 2023, while here in the city and county

24     of Schenectady, that you committed the offense of

25     attempted criminal contempt in the second degree when

Uploaded on: 08/23/2024 03:50:42 PM Eastern Daylight Time - Base City

1    during the course of a domestic dispute with Farzana

2    Saffie, you called her and attempted to make threats of a

3    physical action?

4            MR. SUROOJBALLY:  Yes.

5            THE COURT:  Okay.  And that there was an

6    existing stay away order issued by Guilderland Town Court

7    by Bryan Clenahan on April -- I'm sorry -- June 2, 2022?

8            MR. SUROOJBALLY:  Yes.

9            THE COURT:  Okay.  How do you plead to the

10   charge of attempted criminal contempt in the second

11   degree?  Guilty or not guilty?

12           MR. SUROOJBALLY:  Guilty.

13           THE COURT:  Okay.  Do you understand that it

14   will be the sentence of this Court that you will serve

15   one year probation concurrent with your existing

16   probation from Guilderland Town Court?

17           MR. SUROOJBALLY:  Yes.

18           THE COURT:  And that the Court would issue a

19   three-year full order of protection?

20           MR. SUROOJBALLY:  Yes.

21           THE COURT:  All right.  And do you understand

22   that by pleading guilty in this matter --

23           MS. MOSCOWITZ:  Judge --

24           THE COURT:  -- that you waive your right to

25   trial by jury, where you would have the right to confront

Uploaded on: 08/23/2024 03:50:09 AM Eastern Daylight Time - Base City 07/31/25

1    and cross-examine witnesses?  You would waive your right

2    to remain silent and to not incriminate yourself?

3              MR. SUROOJBALLY:  Yes.

4              MS. MOSCOWITZ:  Judge, my apologies.  We're

5    doing one year consecutive to Guilderland.

6              THE COURT:  Consecutive.  Okay.

7              MR. WEISS:  That's correct, Judge.

8              THE COURT:  All right.  Well, let's back up

9    then, Ms. Moscowitz.  When does the Guilderland Town

10   Court probation expire?

11             MS. MOSCOWITZ:  (inaudible)  So it --

12   (inaudible) --

13             MR. SUROOJBALLY:  (inaudible)

14             MS. MOSCOWITZ:  It ends on June 1st of 2025.

15             THE COURT:  Okay.  So after June 1st in 2025,

16   it would run then from June of 2025 to 2026.  Is that

17   correct, Ms. Moscowitz?

18             MS. MOSCOWITZ:  Yes, Judge.

19             THE COURT:  All right.  So it would be

20   consecutive, not concurrent.  Is that your understanding

21   as well?

22             MR. SUROOJBALLY:  Yes.

23             THE COURT:  All right.  If you are not a

24   citizen of the United States, do you wish to plead

25   guilty, regardless of whether the plea in whole or in p

Uploaded on: 08/23/2024 03:59:39 PM Eastern Daylight Time - Base City 07/21/25

PROCEEDINGS

1    art results in your deportation, exclusion from the

2    United States, or denial of naturalization?

3                MR. SUROOJBALLY:  I'm sorry?

4                THE COURT:  If you're not a citizen --

5                MR. SUROOJBALLY:  Uh huh.

6                THE COURT:  -- pleading guilty in this matter

7    can have negative effects on your status to be here in

8    the United States.  Do you understand that by pleading

9    guilty in this matter, it could result in your

10   deportation, exclusion from the United States, or denial

11   of naturalization?

12               MR. SUROOJBALLY:  Yes.

13               THE COURT:  Okay.  Are you pleading guilty

14   voluntarily and of your own free will and choice?

15               MR. SUROOJBALLY:  Yes.

16               THE COURT:  Okay.  The Court accepts your plea.

17               All right.  We will set this out -- is six

18   weeks sufficient (inaudible)?  All right.  We'll set it

19   out six weeks for a PSI.  All right.  That brings us to

20   September 8th.  All right.  So we'll do 9/8/2023 at 9:00.

21   Okay?

22               MR. WEISS:  (inaudible)

23               THE COURT:  I will note (inaudible) is still

24   outstanding.  Anything further, Mr. Weiss?

25               MR. WEISS:  If it's less than a year old

Veritext Legal Solutions
330 Old Country Road - Suite 300
Mineola, NY 11501

EOIR - 31 of 40

1      (inaudible) PSI the second year (inaudible) month

2      (inaudible).

3                  THE COURT:  Anything further, Mr. Weiss?

4                  MR. WEISS:  Judge, with respect to this matter,

5      no.

6                  THE COURT:  Mm hmm.

7                  MR. WEISS:  Would the Court just want to bring

8      the violation of probation back on that September date,

9      or does the Court want to move forward?

10                 THE COURT:  I think that makes sense.

11                 MR. WEISS:  Okay.

12                 THE COURT:  Yeah.  I think it makes sense to do

13     them to do them all at the same time.

14                 MR. WEISS:  Understood, Judge.

15                 THE COURT:  All right.  Ms. Moscowitz, do you

16     wish to be heard?

17                 MS. MOSCOWITZ:  No, Judge.  Thank you.

18                 THE COURT:  All right.  So we will see you back

19     here on September 8, 2023, 9:00 AM.  It's for plea --

20     it's for sentencing in relation to 2318 of 2023 and then

21     we'll address the violation of probation at that time.

22     Okay?

23                 MR. WEISS:  Judge, that was at 9:00 AM?

24                 THE COURT:  9:00 AM.

25                 MR. WEISS:  Okay.  Thank you, Judge.

People / Suroojbally 07/28/2023                                     9
PROCEEDINGS

1              THE COURT:  Mr. Weiss, do you have any other

2        matters?

3              MR. WEISS:  I have nothing further, Judge.

4        Thank you.

5              THE COURT:  All right.  Thank you, Mr. Weiss.

6        Have a good weekend.

7              (Proceedings Concluded)

8              C E R T I F I C A T E

9

10    I, Sonya Ledanski Hyde, certify that the foregoing transcript

11    of proceedings in the Schenectady Family Court of People /

12    Suroojbally, File No. 148288, Docket No(s). CR-02318-23 was

13    prepared using the required transcription equipment and is a

14    true and accurate record of the digitally recorded

15    proceeding.

16

17                        _Sonya M. Ledanski Hyde_

18    Signature:

19

20    Date:  July 15, 2024

21

22

23

24

25

Uploaded on: 08/23/2024 03:58:59 AM Eastern Daylight Time



**eJusticeNY** INTEGRATED JUSTICE PORTAL · Timothy Hancox/NYICE1250

People » Criminal History » Criminal Repository Inquiry   IT Security Incident Report
Feedback [+]

**Criminal Repository**                                              PRINT   BACK

# Repository Inquiry

To: hancoxt For: Timothy Hancox Case No:A061758820 FBI Number - VEWERE5K7 - CRI

New York State Division of Criminal Justice Services
Alfred E. Smith Building, 80 South Swan St.
Albany, New York 12210. Tel:1-800-262-DCJS

Identification   Summary   Criminal History   Job/License   Wanted   Missing

## Attention - Important Information

* See **Additional Information** at the bottom of this response for more banners pertaining to the criminal history

**Subject currently on Probation - Schenectady County Probation**

**DNA SAMPLE IS ON FILE IN THE DNA DATABANK:** If additional DNA Databank information is required call DCJS Office of Forensic Services at (518)457-1901

## Identification Information



**Name:**

YUVINDRA SUROOJBALLY        Yuvindra Suroojbally
YUVINDRA J SUROOJBALLY

**Date of Birth:**

October 26, 1996

**Place of Birth :**

Guyana

Cycle 3
Arrest Date May 11, 2023

**Address:**

410 NORTH BRANDYWINE 1, SCHENECTADY, NY 12304
1041 Howard Street 2nd Floor, Schenectady, NY 12303
3399 CARMEN RD, SCHENECTADY, NY 12303
31 SPRUCE ST, 1, SCHENECTADY, NY 12304

| Sex: | Race: | Ethnicity: | Skin Tone: |
|---|---|---|---|
| Male | Other | Not Hispanic | Medium |
| **Eye Color:** | **Hair Color:** | **Height:** | **Weight:** |
| Black | Black | 5' 05" | 130 |

**SSN:**

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

| NYSID#: | FBI#: | Probation Client ID#: | NCIC Classification#: |
|---|---|---|---|
| 14745166N | VEWERE5K7 | 2089635 | |

31

III Status: Criminal record in NY only

**US Citizen:**     No

## ● Summary Information ↑

**Total Arrests: 3     Date of Earliest Arrest: July 27, 2019     Latest Prior Arrest Date: May 11, 2023**

| Total Arrests: | 3 | | Total Arraigned Arrests: | 3 | | Total Open Cases: | 1 | Cycles (max 5) |
|---|---|---|---|---|---|---|---|---|
| Felony: | 1 | | Felony: | 1 | | Felony: | 0 | |
| Violent Felony: | 0 | | Violent Felony: | 0 | | Violent Felony: | 0 | |
| Firearm: | 0 | | Firearm: | 0 | | Misdemeanor: | 1 | 1 |
| Misdemeanor: | 2 | | Misdemeanor: | 2 | | Other: | 0 | |
| Other: | 0 | | Other: | 0 | | Open ACD: | 0 | |
| | | | | | | Non Docketed Cases: | 0 | |

| Total Convictions: | 2 | Cycles (max 5) | Warrant Information: | | Cycles (max 5) | DOC Classification: | | Cycles (max 5) |
|---|---|---|---|---|---|---|---|---|
| Felony: | 0 | | Failure to Appear Counts: | 0 | | Escape Charges: | 0 | |
| Violent Felony: | 0 | | Total Open: | 0 | | Sex Offender Convictions: | 0 | |
| Firearm: | 0 | | Active NYC: | 0 | | Probation Revoc: | 0 | |
| Misdemeanor: | 2 | 3,2 | | | | Parole Revoc: | 0 | |
| Other: | 0 | | | | | | | |
| YO Adjud.: | 0 | | | | | | | |

**Note:** Summary Information may not reflect official actions. DCJS strongly urges the recipient to review the enclosed criminal history record information.

## ● NYS Criminal History Information ↑

### ↓ Cycle 3

### Arrest/Charge Information
Arrest Date: May 11, 2023 08:30 am (08:30:00)

| | |
|---|---|
| **Name:** | YUVINDRA SUROOJBALLY |
| **Date of Birth:** | October 26, 1996 |
| **Country of Citizenship:** | USA |
| **Sex:** | Male |
| **Race:** | Other |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 05" |
| **Weight:** | 130 |
| **SSN:** | 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 |
| **Age at time of crime/arrest:** | 26 |
| **Address:** | 410 NORTH BRANDYWINE 1, SCHENECTADY, NY 12304 |
| **Place of Arrest:** | City of Schenectady, Schenectady County, NY |
| **Arrest Type:** | Warrant |
| **Date of Crime:** | April 21, 2023 |
| **Place of Crime:** | City of Schenectady, Schenectady County, NY |
| **Criminal Justice Tracking No.:** | 70303046P |

32

| | |
|---|---|
| **Arresting Agency:** | Schenectady City Police Department |
| **Arresting Officer ID:** | 9460 |
| **Local Person Id:** | 1208882 |
| **Incident Number:** | 23079338 |
| **Arrest Number:** | 23079338 |
| **Arraignment:** | Schenectady City Court |

**Arrest Charges:**

    -- Criminal Contempt-1st:Violate Order Protection- Communicates w/ Person

      PL 215.51     Sub BIII     Class E   Felony   Degree 1   NCIC 5016

## Court Case Information

--**Court:** Schenectady City Court   **Case Number:** CR-02318-23

May 11, 2023
**Initial Report Of Docket Number**

May 11, 2023
**Arraigned**

    -- Criminal Contempt-1st:Violate Order Protection- Communicates w/ Person

      PL 215.51     Sub BIII     Class E   Felony     NCIC 5016

    -- Attempted Criminal Contempt-2nd:Disobey Court

      PL 215.50     Sub 03     Class B   Misdemeanor   NCIC 5005

May 11, 2023
**Returned On Warrant**

October 20, 2023
**Convicted Upon Plea Of Guilty** - Conviction Date: July 28, 2023

    -- Attempted Criminal Contempt-2nd:Disobey Court

      PL 215.50     Sub 03     Class B   Misdemeanor     NCIC 5005

      **Reduced From:**

        -- Criminal Contempt-2nd:Disobey Court

        PL 215.50 Sub03  Class A Misdemeanor NCIC 5005

        **Reduced From:**

          -- Criminal Contempt-1st:Violate Order Protection- Communicates w/ Person

          PL 215.51     SubBIII     Class E   Felony   NCIC 5016

    **Sentenced to:**   Probation: 1 Year(s) Order of Protection
    **Sentence Date:** October 20, 2023

---

**⬇ Cycle 2 ⬆**
## Domestic Incident Report Filed

**Arrest/Charge Information**
Arrest Date: June 02, 2021 12:24 am (00:24:00)

33

| | |
|---|---|
| **Name:** | UVINDRA SUROOJBALLY |
| **Date of Birth:** | October 26, 1996 |
| **Country of Citizenship:** | USA |
| **Sex:** | Male |
| **Race:** | Other |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 05" |
| **Weight:** | 120 |
| **SSN:** | 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 |
| **Age at time of crime/arrest:** | 24 |
| **Address:** | 3399 CARMEN RD, SCHENECTADY, NY 12303 |
| **Place of Arrest:** | Town of Guilderland, Albany County, NY |
| **Arrest Type:** | Crime In Progress |
| **Date of Crime:** | June 02, 2021 |
| **Place of Crime:** | Town of Guilderland, Albany County, NY |
| **Criminal Justice Tracking No.:** | 69649021Z |
| **Arresting Agency:** | Guilderland Town Police Department |
| **Arresting Officer ID:** | GPD8854 |
| **Local Person Id:** | 525403 |
| **Incident Number:** | 21068296 |
| **Arrest Number:** | 20210010626 |
| **Arraignment:** | Guilderland Town Court |

**Arrest Charges:**

-- Act In Manner Injure Child Less Than 17

PL 260.10    Sub 01   Class A Misdemeanor Degree 0 NCIC 3801

-- Criminal Contempt-2nd:Disobey Court

PL 215.50    Sub 03   Class A Misdemeanor Degree 2 NCIC 5005

-- Harassment-2nd Degree: Physical Contact

PL 240.26    Sub 01          Violation      Degree 2 NCIC 7099

## Court Case Information

**--Court:** Guilderland Town Court   **Case Number:** 21060046

June 02, 2021
**Initial Report Of Docket Number**

June 02, 2021
**Arraigned**

-- Assault-3rd Degree

PL 120.00          Class A Misdemeanor NCIC 1399

-- Act In Manner Injure Child Less Than 17

PL 260.10    Sub 01   Class A Misdemeanor NCIC 3801

-- Criminal Contempt-2nd:Disobey Court

PL 215.50    Sub 03   Class A Misdemeanor NCIC 5005

EOIR – 37 of 40

June 02, 2022
**Convicted Upon Plea Of Guilty** - Conviction Date: June 02, 2022

-- Criminal Contempt-2nd:Disobey Court
PL 215.50     Sub 03     Class A     Misdemeanor     NCIC 5005

**In Full Satisfaction of:**
-- Assault-3rd Degree
PL 120.00   Class A Misdemeanor NCIC 1399

-- Act In Manner Injure Child Less Than 17
PL 260.10 Sub01  Class A Misdemeanor NCIC 3801

**Sentenced to:**   Probation: 3 Year(s) Fine Amount: $250 Status: Paid in Full
**Sentence Date:** June 02, 2022

June 02, 2022
**Not Arraigned**

-- Harassment-2nd Degree: Physical Contact
PL 240.26    Sub 01   Violation NCIC 7099

## Incarceration/Supervision Information

**Probation Information**

| | |
|---|---|
| **Name:** | Yuvindra Suroojbally |
| **Sex:** | Male |
| **Race:** | Other |
| **Ethnicity:** | Not Hispanic |
| **Address:** | 1041 Howard Street 2nd Floor, Schenectady, NY 12303 |
| **Placed on Probation:** | June 02, 2022 |
| **Max Expiration Date:** | June 01, 2025 |
| **Supervision Agency:** | Schenectady County Probation |
| **Jurisdiction Agency:** | Schenectady County Probation |
| **Probation Officer ID:** | SY052 |
| **Probation Registration Number:** | 4101267 |
| **Probation Case Number:** | 14745166N |
| **Probation Discharge Date:** | |

---

## Cycle 1 ↑
## Domestic Incident Report Filed

**Arrest/Charge Information**
Arrest Date: July 27, 2019 09:10 am (09:10:00)

| | |
|---|---|
| **Name:** | YUVINDRA SUROOJBALLY |
| **Date of Birth:** | October 26, 1996 |

35

| | |
|---|---|
| **Country of Citizenship:** | USA |
| **Sex:** | Male |
| **Race:** | Other |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 05" |
| **Weight:** | 120 |
| **SSN:** | 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 |
| **Age at time of crime/arrest:** | 22 |
| **Address:** | 31 SPRUCE ST, 1, SCHENECTADY, NY 12304 |
| **Place of Arrest:** | City of Schenectady, Schenectady County, NY |
| **Arrest Type:** | Complaint |
| **Date of Crime:** | July 27, 2019 |
| **Place of Crime:** | City of Schenectady, Schenectady County, NY |
| **Criminal Justice Tracking No.:** | 69097629N |
| **Arresting Agency:** | Schenectady City Police Department |
| **Arresting Officer ID:** | SPDS5545 |
| **Local Person Id:** | 525403 |
| **Incident Number:** | 19138437 |
| **Arrest Number:** | 20190127820 |
| **Arraignment:** | Schenectady City Court |

**Arrest Charges:**

-- Act In Manner Injure Child Less Than 17
PL 260.10    Sub 01   Class A Misdemeanor Degree 0 NCIC 3801

-- Criminal Mischief:Intent To Damage Property
PL 145.00    Sub 01   Class A Misdemeanor Degree 4 NCIC 2999

# Court Case Information

--**Court:** Schenectady City Court    **Case Number:** CR-04729-19

July 27, 2019
**Initial Report Of Docket Number**

July 27, 2019
**Arraigned**
-- Act In Manner Injure Child Less Than 17
PL 260.10    Sub 01   Class A Misdemeanor NCIC 3801

-- Criminal Mischief:Intent To Damage Property
PL 145.00    Sub 01   Class A Misdemeanor NCIC 2999

August 12, 2019
**Transferred To Superior Court**
-- Act In Manner Injure Child Less Than 17
PL 260.10    Sub 01   Class A Misdemeanor NCIC 3801

-- Criminal Mischief:Intent To Damage Property
PL 145.00    Sub 01   Class A Misdemeanor NCIC 2999

## ● Other History Related Information ⬆

There is no Other History Related Information associated with this history.

## ● Job/License Information ⬆

There is no Job/License Information associated with this history.

## ● Wanted Information ⬆

There is no NYS Wanted Information associated with this history.

## ● Missing Person Information ⬆

There is no NYS Missing Person Information associated with this history.

## ● Additional Information ⬆

**Sentencing** - Where an individual is sentenced June 1, 1981 or later on more than one charge within a docket, the sentence may be considered to be concurrent unless identified as consecutive.

**Caution: Identification not based on fingerprint comparison. This record was produced as the result of an inquiry.**

**According to our files, this individual does not appear to have History in III. However this does not preclude the possibility that the FBI does have a record. If you desire this information, please submit a request directly to the FBI.**

**WARNING:** Release of any of the information presented in this computerized Case History to unauthorized individuals or agencies is prohibited by federal law TITLE 42 USC 3789g(b).
This report is to be used for this one specific purpose as described in the Use and Dissemination Agreement your agency has on file with DCJS. **Destroy after use and request an updated rap sheet for subsequent needs.**
All information presented herein is as complete as the data furnished to DCJS.

BACK

**Kurt R. Saccone, Esq.**                                           **DETAINED**
**Saccone & Dobosiewicz LLP**
**300 International Drive, Suite 100**
**Williamsville, NY 14221**
**716-870-2262**
**ksaccone@sdlawllp.com**


## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## BATAVIA, NEW YORK


In the Matter of

SUROOJBALLY, Yuvindra N.                    **IN REMOVAL PROCEEDINGS**

        **Respondent**                       **File No.:  A061-758-820**


**Immigration Judge Counihan**          **Next Hearing:  December 2, 2024 at 1:00 P.M.**


## RESPONDENT'S MOTION TO TERMINATE

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BATAVIA, NEW YORK

In the Matter of

SUROOJBALLY, Yuvindra N.                    IN REMOVAL PROCEEDINGS

           Respondent                        File No.:  A061-758-820

RESPONDENT'S MOTION TO TERMINATE

Respondent, by and through undersigned Counsel, hereby requests this Honorable Court to terminate the instant proceedings for the reason that the Department of Homeland Security has failed to carry their burden in proving that Respondent is removable pursuant to the sole stated ground of removal, Immigration and Nationality Act (hereinafter "INA") Section 237(a)(2)(E)(ii).

**PROCEDURAL HISTORY**

In a master calendar hearing on September 25, 2024, Respondent pled to the Notice to Appear dated August 16, 2024.

Respondent admitted allegation 4, that on June 2, 2022 he was "enjoined under a protection order issued by the Guilderland Town Court Court *[sic]* of the State of New York." *See* Ex. 1 at 1.  The Department of Homeland Security (hereinafter "Government") had previously-filed their evidence, including *two* Orders of Protections issued June 2, 2022 by the Guilderland Town Court, one Order restraining Respondent and protecting a Jaiden Saffie, and the other Order restraining Respondent and protecting a Farzana Suffie.  *See* Ex. 2 at 5,6.

1

Respondent denied allegation 5, that "[on] July 28, 2023, the Schenectady City Court determined [Respondent] had engaged in conduct that violated a portion <u>of that order</u> that involved protections against credible threats of violence, repeated harassment, or bodily injury to the person or persons <u>for whom the order of protection was issued</u>." *See* Ex. 1 at 1,4 (emphasis added). Among the evidence the Government filed was:

1. An accusatory instrument accusing Respondent of having violated an order of protection issued by the Guilderland Town Court on June 2, 2022 protecting a Farzana Saffie, *see* Ex. 2 at 4;

2. A transcript of a proceeding on October 20, 2023, under Docket Number CR-02318-23, wherein the judge references only "the victim" in her questioning of Respondent, *see id.* at 19:4;

3. A transcript of a proceeding on July 28, 2023, under Docket Number CR-02318-23, wherein the judge stated the name of the victim as Farzana Saffie, *see id.* at 26:1-2; and

4. A Certificate of Disposition from the Schenectady City Court under Docket Number CR-02318-23, certifying Respondent pled Guilty to Attempted Criminal Contempt 2nd: Disobey Court, and was convicted on July 28, 2023, *see id.* at 2.

Respondent contested the sole lodged removal charge under INA Section 237(a)(2)(E)(ii) for various reasons, as summarily stated during the pleadings, and Respondent moved to terminate the instant proceedings. The Court denied Respondent's motion to terminate and sustained the charge. The Court stated that it would not decide Respondent's motion "on the fly," but did decide on the fly that the Government submitted clear and convincing evidence. The Court implied that it rested its finding on the fact that Respondent pled guilty to "the offense."

## THE GOVERNMENT HAS NOT CARRIED
## IT'S BURDEN OF "CLEAR AND CONVINCING" EVIDENCE

The Government's evidence is anything but clear and convincing. First, the evidence the Government has submitted indicates that Farzana Saffie was the victim and protected party, yet the Government has not offered any order of protection protecting Farzana Saffie. Without the order of protection for Farzana Saffie, how can this Court determine that such order of protection protects against "credible threats of violence, repeated harassment, or bodily injury to the person or persons <u>for whom the order of protection was issued</u>" as alleged in allegation 5 and the very language of the removal charge?

The fact that Respondent was convicted of, pled guilty to, or was "determined" to have violated a court order or an order of protection *does not* make Respondent removable under INA Section 237(a)(2)(E)(ii). It takes more than that: Respondent must have been "determined" to have violated that portion of an order of protection that "involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the order of protection was issued." It strains believability that this Court can make such a finding without actually having the order of protection.

Respondent is only removable if a court "determines" that Respondent violated that specific portion of an order of protection. A court's "determination" or "finding" is a declarative statement, an utterance, or a ruling by the judge. Nowhere in the transcript of July 28, 2023, or even October 20, 2023, is there any "determination" by the State court that Respondent "*engaged in conduct* that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the order of protection was issued." *Compare* INA §237(a)(2)(E)(ii) (emphasis added) *with* Ex. 2 at

3

9-30, *passim*.  At most, the judge accepted Respondent's plea to *attempted* criminal contempt – which is attempting to engage in conduct  *See id.* at 28:16.

Significantly, the fact that Respondent pled guilty to attempted criminal contempt, may necessarily preclude the State court judge from having "determined" that Respondent *engaged* in conduct that violated the order of protection – but we would need to see the terms of that order of protection to see exactly what conduct is prohibited -- which again we do not have because the Government has not offered it.  Notably, at the master calendar hearing on September 25, 2024, Counsel for the Government stated that this case was complicated, but the Court disagreed.

## A *MATTER OF OBSHATKO* ANALYSIS DOES NOT SUPPORT THE COURT'S FINDING ON REMOVABILITY

In *Matter of Obshatko*, 27 I&N Dec. 173 (BIA 2017), the Board of Immigration Appeals stated "the plain language of section 237(a)(2)(E)(ii) limits the analysis of an alien's removability to what a court has "determined" about the alien's violation of a protection order. *Obshatko, supra,* at 176 (emphasis in original).  Additionally, the Board stated that the Immigration Judge is not constrained to the categorical approach if a conviction underlies the charge, and that the judge can look past the conviction and "should consider the probative and reliable evidence regarding what the State court has determined about the alien's violation."  *Id.* at 176-177.  The Board then set out its instruction:

[A]n Immigration Judge should decide (1) whether a State court 'determine[d]" that the alien "has engaged in conduct that violates the portion of a protection order that involve[d] protection against credible threats of violence, repeated harassment, or bodily injury" and (2) whether the order was "issued for purposes of preventing violent or threatening acts of domestic violence."

4

*Obshatko, supra*, at 177 (citation omitted).

In the instant case, regarding the Board's first instruction, the minutes of both the July 28, 2023 and October 20, 2023 hearings are devoid of any State court "determination" that Respondent engaged in conduct that violated the specific portion of a protection order. This Court should provide Respondent with specificity as to where in the minutes, page and line, the State court determined such.

Regarding the Board's second instruction, there is no way the Immigration Court could have decided the protection order "was issued for purposes of preventing violent or threatening acts of domestic violence" without actually having, viewing, and reading the protection order. While the Board has ruled that the Immigration Judge's inquiry is not constrained to the categorical approach, or even a modified categorical approach, but is something less than a circumstances-specific approach, *Obshatko, supra*, at 176, and that the Immigration Judge can consider "probative and reliable" evidence, it is highly doubtful the Board would permit the Court to create a composite third order of protection, out of whole cloth, using the first name from one order of protection, and the last name from the other order of protection, *see* Ex. 2 at 5,6, to conduct the required analysis under the Board's second instruction.

Wherefore, this Court should reverse it's finding that the Government has carried its burden, and terminate the instant proceedings.

Respectfully Submitted,

SACCONE & DOBOSIEWICZ LLP

By:

5

Kurt R. Saccone

Dated:  December 2, 2024

EOIR — 7 of 9

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**BATAVIA, NEW YORK**

In the Matter of: SUROOJBALLY, Yuvindra N.          A Number:  A061-758-820

## <u>ORDER OF THE IMMIGRATION JUDGE</u>

Upon consideration of the respondent's Motion to Terminate, it is HEREBY ORDERED that the motion be ☐ **GRANTED** ☐ **DENIED** because:

☐ DHS does not oppose the motion.
☐ The respondent does not oppose the motion.
☐ A response to the motion has not been filed with the court.
☐ Good cause has been established for the motion.
☐ The court agrees with the reasons stated in the opposition to the motion.
☐ The motion is untimely per _____.
☐ Other:

Deadlines:

☐ The application(s) for relief must be filed by _____.
☐ The respondent must comply with DHS biometrics instructions by _____.

_____          _____
Date                                      Brian Counihan
                                          Immigration Judge

_____
Certificate of Service
This document was served by:  [ ]  Mail  [ ]  Personal Service
To: [ ]  Alien  [ ]  Alien c/o Custodial Officer  [ ]  Alien's Atty/Rep  [ ]  DHS
Date: _____          By: Court Staff_____

## CERTIFICATE OF SERVICE

CASE NAME:      SUROOJBALLY, Yuvindra N.
CASE NUMBER:    A061-758-820

I HEREBY CERTIFY that on this 2nd day of December 2024, I caused to be served the foregoing RESPONDENT'S MOTION TO TERMINATE:

☒      by ECAS; I electronically filed this document and the party named below is participating in ECAS.

☐      by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid and causing the same to be mailed by first class mail to the person named at the address set forth below.

☐      by causing to be personally delivered a true copy thereof to the person named at the address set forth below.

☐      by certified mail return receipt requested to the person at the address set forth below.

☐      by FEDERAL EXPRESS to the person named at the address set forth below.

☐      by telefaxing with acknowledgment of receipt to the person named at the address and telephone number set forth below.

Office of Chief Counsel –OPLA, Batavia
U.S. Department of Homeland Security
4250 Federal Drive
Batavia, NY 14020

I DECLARE under penalty of perjury that the foregoing is true and correct. Executed on December 2, 2024.

Kurt R. Saccone
Saccone & Dobosiewicz LLP
300 International Drive, Suite 100
Williamsville, NY 14221
716-870-2262
716-810-9221 (fax)

Kurt R. Saccone, Esq.                                                                **DETAINED**
Saccone & Dobosiewicz LLP
300 International Drive, Suite 100
Williamsville, NY 14221
716-870-2262
ksaccone@sdlawllp.com


## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## BATAVIA, NEW YORK


In the Matter of

SUROOJBALLY, Yuvindra N.                    **IN REMOVAL PROCEEDINGS**

    **Respondent**                          **File No.:  A061-758-820**


Immigration Judge Counihan          Next Hearing:  December 2, 2024 at 1:00 P.M.


## RESPONDENT'S MOTION TO TERMINATE

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BATAVIA, NEW YORK

In the Matter of

SUROOJBALLY, Yuvindra N.                    IN REMOVAL PROCEEDINGS

      Respondent                        File No.:  A061-758-820

<u>RESPONDENT'S MOTION TO TERMINATE</u>

      Respondent, by and through undersigned Counsel, hereby requests this Honorable Court to terminate the instant proceedings for the reasons set forth herein.

      The Department of Homeland Security (hereinafter "Government") has charged Respondent as removable pursuant Immigration and Nationality Act (hereinafter "INA") Section 237(a)(2)(E)(ii), and has alleged that the acts giving rise to the removal charge occurred on July 28, 2023 when Respondent was "determined" to have engaged in conduct that violated a portion of an order of protection issued by the Guilderland Town Court on June 2, 2022 "that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued."  See Ex. 1 at 1,4 (allegations 4, 5, and removal charge).  Respondent has no further specificity due to the Government's general allegations.  On September 25, 2024, the Court found the Government carried its burden of clear and convincing evidence to establish removal under INA Section 237(a)(2)(E)(ii).

      Although the Government's allegations lack the specificity and particularity which Respondent maintains he is due under any standard of due process, Respondent can make some

assumptions regarding specifics based on the evidence the Government submitted, which the Court found legally sufficient to carry the charge. *See* Ex. 2.

The Government supported their allegations that Respondent was on July 28, 2023 determined by a State court to have violated specific parts of an order of protection, by submitting:

1. A Certificate of Disposition from the Schenectady City Court under Docket Number CR-02318-23, certifying Respondent pled Guilty to Attempted Criminal Contempt 2nd: Disobey Court, and was convicted on July 28, 2023. *See* Ex. 2. at 2.

2. A transcript of a proceeding on July 28, 2023, under Docket Number CR-02318-23, wherein the judge stated the name of the victim and protected person as Farzana Saffie, *see id.* at 26:1-2; and Respondent admitted that he attempted to violate an order of protection. *See id.* at 22-30.

3. A transcript of a proceeding on October 20, 2023, under Docket Number CR-02318-23, wherein the judge asked Respondent if he violated a stay away order, to which Respondent answered in the affirmative, but there is no name of a protected person, only a reference to "the victim." *See id.* at 19:4.

As best Respondent can conclude, the above three documents are intended to support the Government's allegations 4 and 5, and the removal charge; and said documents were sufficient for the Court to conclude that the Government met their burden under the required *Matter of Obshatko*, 27 I&N Dec. 173 (BIA 2017), analysis.

All three (3) of the above documents can no longer be used. On November 27, 2024, the Schenectady City Court vacated Respondent's conviction under Docket Number CR-02318-23, and struck the July 28, 2023 and October 20, 2023 minutes from the record, on the basis

2

of Section 440.10(1)(b) and (h) of the New York Criminal Procedure Law. *See* Ex. A. Respondent's Counsel has just come into possession of the State court Order. *See id.* Section 440.10 is not a state rehabilitative statute, the vacated conviction cannot be used in Immigration Court, and the stricken minutes of July 28, 2023 and October 20, 2023, where the Government and the Court strived to find a "determination," can similarly not be used because the State court has struck them from the record on the basis of misrepresentation (CPL §440.10(1)(b)) and constitutional due process violation (CPL §440.10(1)(b)). *See e.g., Matter of Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000).

All that remains in the Government's evidence to support its allegations and the charge is the accusatory instrument of a police officer, *see* Ex. 2 at 4, which clearly does not rise to the level of a State court determination to pass an *Obshatko* analysis.

Wherefore, this Court should reverse it's finding that the Government has carried its burden, and terminate the instant proceedings.

Respectfully Submitted,

SACCONE & DOBOSIEWICZ LLP

By:
    Kurt R. Saccone


Dated: December 2, 2024

3

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**BATAVIA, NEW YORK**

In the Matter of: SUROOJBALLY, Yuvindra N.                A Number:  A061-758-820

## **ORDER OF THE IMMIGRATION JUDGE**

Upon consideration of the respondent's Motion to Terminate, it is HEREBY ORDERED that the
motion be ☐ **GRANTED** ☐ **DENIED** because:

       ☐ DHS does not oppose the motion.
       ☐ The respondent does not oppose the motion.
       ☐ A response to the motion has not been filed with the court.
       ☐ Good cause has been established for the motion.
       ☐ The court agrees with the reasons stated in the opposition to the motion.
       ☐ The motion is untimely per _____.
       ☐ Other:

Deadlines:

       ☐ The application(s) for relief must be filed by _____.
       ☐ The respondent must comply with DHS biometrics instructions by _____.

_____          _____
Date                                     Brian Counihan
                                         Immigration Judge

_____
Certificate of Service
This document was served by:  [ ]  Mail  [ ]  Personal Service
To: [ ]  Alien   [ ]  Alien c/o Custodial Officer   [ ]  Alien's Atty/Rep   [ ]  DHS
Date: _____          By: Court Staff_____

# TABLE OF CONTENTS

**TAB**                                                                                    **PAGES**

**A**    Decision and Order, The People of the State of New York v. Yuvindra
Suroojbally, CR-02318-23/SC (Nov. 27, 2024).    **8**

    Email thread originating from nycourts.gov    **9**

Exhibit A

STATE OF NEW YORK
CITY COURT

COUNTY OF SCHENECTADY
City of Schenectady

THE PEOPLE OF THE STATE OF NEW YORK,

      Respondent,

-against-

DECISION AND ORDER
CR-02318-23/SC
DT-03740-22/SC

YUVINDRA SUROOJBALLY,

      Defendant-Appellant.

---

On October 3, 2024, the defendant filed a motion pursuant to CPL § 440.10(1)(b),(h) alleging that his constitutional right to due process was violated and the People having offered no opposition to said motion, upon due consideration of the court it is hereby:

ORDERED that the defendants' plea and sentence to the crime of Attempted Criminal Contempt 2nd be vacated and it is further; AND

ORDERED that the minutes of the plea and sentence on July 28, 2023, and October 20, 2023, be stricken from the record. The matter is hereby Restored to the Court's Calendar December 13, 2024 @ 9:00 A.M.
So Ordered!
ENTERED.

DATED: November 21 2024
      Schenectady, New York

                ENTER:

                                Hon. Katherine A. McGuirl

 Outlook

---

**Fwd: Decision and order signed,**

---

**From** Brian Mercy, PLLC. <law.mercy@gmail.com>
**Date** Mon 12/2/2024 10:02 AM
**To** ksaccone sdlawllp.com <ksaccone@sdlawllp.com>

📎 1 attachment (245 KB)
Image_001.pdf;

Brian D. Mercy, Esq.
670 Franklin Street, Suite 100
Schenectady, NY 12302
518-280-8872

Begin forwarded message:

> **From:** Leandra M Storm <lstorm@nycourts.gov>
> **Date:** November 29, 2024 at 11:26:29 AM EST
> **To:** Brian D Mercy <law.mercy@gmail.com>
> **Subject: Decision and order signed,**

Good morning,

Attached is the signed order from Judge McGuirl.

Leandra Storm
Clerical Assistant
531 Liberty street,
Schenectady, NY 12305

## CERTIFICATE OF SERVICE

CASE NAME:    SUROOJBALLY, Yuvindra N.
CASE NUMBER:   A061-758-820

I HEREBY CERTIFY that on this 2nd day of December 2024, I caused to be served the foregoing RESPONDENT'S MOTION TO TERMINATE:

☒    by ECAS; I electronically filed this document and the party named below is participating in ECAS.

☐    by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid and causing the same to be mailed by first class mail to the person named at the address set forth below.

☐    by causing to be personally delivered a true copy thereof to the person named at the address set forth below.

☐    by certified mail return receipt requested to the person at the address set forth below.

☐    by FEDERAL EXPRESS to the person named at the address set forth below.

☐    by telefaxing with acknowledgment of receipt to the person named at the address and telephone number set forth below.

Office of Chief Counsel –OPLA, Batavia
U.S. Department of Homeland Security
4250 Federal Drive
Batavia, NY 14020

I DECLARE under penalty of perjury that the foregoing is true and correct.  Executed on December 2, 2024.

Kurt R. Saccone
Saccone & Dobosiewicz LLP
300 International Drive, Suite 100
Williamsville, NY  14221
716-870-2262
716-810-9221 (fax)

Michael G. Dreher                                                    **DETAINED**
Assistant Chief Counsel
Department of Homeland Security
U.S. Immigration and Customs Enforcement
4250 Federal Drive
Batavia, NY 14020

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## BATAVIA, NEW YORK

| IN THE MATTER OF | IN REMOVAL PROCEEDINGS |
|---|---|
| **Yuvindra SUROOJBALLY** | A 061-758-820 |

## THE DEPARTMENT OF HOMELAND SECURITY'S OPPOSITION
## TO RESPONDENT'S MOTION TO TERMINATE

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BATAVIA, NEW YORK

| IN THE MATTER OF | IN REMOVAL PROCEEDINGS |
|---|---|
| **Yuvindra SUROOJBALLY** | A 061-758-820 |

**THE DEPARTMENT OF HOMELAND SECURITY'S OPPOSITION
TO RESPONDENT'S MOTION TO TERMINATE**

The U.S. Department of Homeland Security ("DHS" or "Department"), by and through
undersigned counsel, **OPPOSES** both motions to terminate filed by the respondent on December
2, 2024.  The Department respectfully submits that evidence already in the record demonstrates that
the respondent is subject to removability and that recent order vacating the respondent's conviction
does not affect his removability in this case.

I.      **Documents filed by DHS prove by clear and convincing evidence that the respondent
        is removable pursuant to section 237(a)(2)(E)(ii) of the Immigration and Nationality
        Act**

The respondent argues that DHS has not offered an order of protection protecting Farzana
Saffie, however the Department's evidence, admitted to the record as Exhibit 2, includes an Order of
Protection ("OOP"), issued out of Guilderland Justice Court on June 2, 2022, and listing an expiration
date of June 1, 2025.  That OOP names the respondent as the defendant and names Farzana Saffie as
the protected person. Exh. 2 at EOIR p. 9-10.   These details are consistent with the OOP that is
referenced in the felony complaint (Exh. 2 at EOIR p. 7), the plea allocution (Exh. 2 at EOIR p. 22),
and the sentencing allocution (Exh. 2 at EOIR p. 28-29).

Upon accepting the plea, the judge necessarily determined that the respondent had engaged in
conduct that violated a portion of that OOP.  A review of the OOP shows that the respondent was

ordered to stay away from Farzana Saffie, to refrain from communicating with her, to refrain from electronic interference with her, and from having harmful contact with her. Therefore, the judge's acceptance of the respondent's plea logically required the judge to determine that the respondent had "engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury" as all of the prohibited actions in the OOP fall into one of those categories. DHS notes that the paragraph numbered (17) on the OOP, relating to "remotely controlling, monitoring, or otherwise interfering with any electronic device" clearly "involves protection against" repeated harassment.

## II. The vacatur order provided by the respondent does not affect the analysis of removability under the *Matter of Obshatko* framework because the plea transcripts should still be considered as admissible evidence.

The respondent has argued that the plea minutes and the conviction record can no longer be used as evidence in this matter following a November 27, 2024, order of the Schenectady City Court vacating Respondent's conviction under Docket Number CR-02318-23, and ordering that the July 28, 2023 and October 20, 2023 minutes be stricken from the record. However, DHS submits that this argument is incorrect because the motion that precipitated the Schenectady City Court order demonstrates that the sole purpose of this order was to avoid immigration consequences.

Under *Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003), the immigration judge is permitted to review the basis for a court order vacating a conviction. While *Matter of Pickering* dealt with convictions, DHS submits that the holding in *Pickering* supports the argument any post-conviction action that purports to modify a criminal conviction may be reviewed by the immigration judge. The Department has acquired a copy of the motion to vacate the respondent's conviction ("440 motion"), filed by criminal defense counsel on the respondent's behalf pursuant to NY CPL § 440.10. The 440 motion explicitly seeks relief in the form of striking the plea minutes because "[a]s a result of the

colloquy [respondent] has been detained by the Department of Homeland Security and is facing removal proceedings." Attachment A at p. 4.

As the attached 440 motion demonstrates, the minutes were not stricken because of a procedural flaw or because of actual innocence, but rather because the contents of those minutes have exposed the respondent to a charge that he is removable from the United States. After all, the respondent was still adjudicated guilty of the agreed-upon charge and sentence for Attempted Criminal Contempt in the second degree. The respondent does not seek any sort of change in the ultimate state law consequence of the charge – he seeks only to change the semantics and the sole reason for the court make such a semantic change is to allow the respondent to avoid immigration consequences. In fact, the court's order striking the minutes from the record serves no purpose at all under state law, other than to attempt to shield the respondent from immigration consequences. This is *precisely* the sort of action that the BIA discusses in Pickering:

> [W]e find that there is a significant distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-conviction events, such as rehabilitation or immigration hardships. Thus, if a court with jurisdiction vacates a conviction based on a defect in the underlying criminal proceedings, the respondent no longer has a "conviction" within the meaning of section 101(a)(48)(A). If, however, a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the respondent remains "convicted" for immigration purposes.

23 I&N Dec. at 624. Notwithstanding the directive in *Matter of Obshatko*, 27 I&N Dec. 173 (BIA 2017), that a conviction is not required to find removability under 237(a)(2)(E)(ii), the principles of *Pickering* apply to the state court ruling at issue in this case and the Immigration Court should consider the plea minutes as evidence in support of the charge of removability.

Even if the respondent's plea colloquy were amended to clarify that the respondent only *attempted* acts that violate the protective order, DHS submits that even those acts would constitute

"engag[ing] in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury."  For instance, even an unsuccessful phone call to the protected party or a attempting to visit their residence only to find that they are not home is still conduct that violates the portion of the order that involves protection repeated harassment and credible threats of violence.  The intention of the order is prohibit the individual from even attempting these acts, as merely attempting the act is likely to be sufficiently frightening to the protected party to disrupt the life of the protected person; Thus, even if the plea minutes were amended, DHS submits that the actions would still constitute conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury

For the foregoing reasons, the respondent's motion to terminate should be denied and the Department respectfully moves the Court to sustain the charges of inadmissibility.

Respectfully submitted,

DATE: December 13, 2024

*Michael G. Dreher*
Michael G. Dreher
Assistant Chief Counsel

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day I caused to be served, a true copy of this filing: THE DEPARTMENT OF HOMELAND SECURITY'S OPPOSITION TO RESPONDENT'S MOTION TO TERMINATE and any attached pages through the EOIR Courts and Appeals System (ECAS), which will automatically send service notifications to both parties that a new document has been filed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2024.

*Michael G. Dreher*

# Attachment A

.

EOIR — 6 of 54

STATE OF NEW YORK                          COUNTY OF SCHENECTADY
CITY COURT

---

THE PEOPLE OF THE STATE OF NEW YORK,

      Respondent,

    -against-                              NOTICE OF MOTION

YUVINDRA SUROOJBALLY,

      Defendant-Appellant.

---

      PLEASE TAKE NOTICE that upon the affirmation of BRIAN D. MERCY, ESQ. the prior proceedings had herein, and the exhibits attached hereto, the undersigned will move this Court at a term to be held on the _____ day of October 2024 at _____ a.m. or as soon thereafter as counsel may be heard, at the courthouse located at 531 Liberty Street, Schenectady, NY 12305 for an order pursuant to CPL §440.10 (1) (b),(h) vacating the conviction for Attempted Criminal Contempt in the 2nd (PL §110 and § 215.50) and sentencing the defendant to one year of probation.

Dated: Schenectady, New York
     October 3, 2024                        Yours, etc.,


                       Brian D. Mercy, Esq.
                       BRIAN D. MERCY, PLLC.
                       670 Franklin Street, Suite 100
                       Schenectady, NY 12305

TO: Schenectady County District Attorney

STATE OF NEW YORK                           COUNTY OF SCHENECTADY
CITY COURT

THE PEOPLE OF THE STATE OF NEW YORK,

        Respondent,

   -against-                                           AFFIRMATION IN
                                    SUPPORT OF MOTION

YUVINDRA SUROOJBALLY,

        Defendant-Appellant.

STATE OF NEW YORK      )
COUNTY OF SCHENECTADY  )

      BRIAN D. MERCY, an attorney admitted to the practice of law before the Courts of this

State, affirms under penalty of perjury:

1. I am the attorney for Yuvindra Suroojbally.

2. I make this affirmation in support of the defendants' motion for an order pursuant to
   CPL §440.10 (1)(b),(h), vacating the judgment against him on 7/28/23, for the offense
   of Attempted Criminal Contempt 2nd, and sentencing the defendant to a period of
   probation not to exceed one year.

3. I make this affirmation in support of the defendant's motion for an order pursuant to
   CPL §440.10 (1)(b)(h) and vacating the judgment against him due to the courts
   mistaken colloquy of the plea. Although the courts colloquy was not intentional, it
   arises to the level of a misrepresentation for purposes of CPL §440.10 (1)(b).

4. The mistaken colloquy violated the defendants constitutional right to due process.
   CPL §440.10 (1)(h).

## THE COURTS COLLOQUY

5. That on July 28, 2023 the defendant appeared in Schenectady City Court, represented by the Schenectady County Public Defenders Office. The proposed plea called for a plea to Attempted Criminal Contempt 2nd, (PL §110 and § 215.50). The agreed upon sentence called for a period of probation not to exceed one year.

6. At the time of the plea the court (Hon. Katherine A. McGuirl) procured the following colloquy:
THE COURT: "Okay. Do you agree with me that back on April 21, 2023, while here in the city and county of Schenectady, that you committed the offense of attempted criminal contempt in the second degree when during the course of a domestic dispute with Farzana Saffie, you called her and attempted to make threats of a physical action?"
MR. SUROOJBALLY: "Yes." EXHIBIT A (R28-29)

7. On October 20, 2023, the defendant appeared in Schenectady City Court, represented by the Schenectady County Public Defender's Office, for the purpose of sentencing. The proposed plea called for Mr. Suroojbally to plead to one count of Attempted Criminal Contempt in the Second Degree with a sentence of one year probation.

8. At the time of sentencing, the court (Hon. Brandi Burns presiding), procured the following colloquy:
THE COURT: "Okay. Mr. Suroojbally, on April 21, 2023, did you violate a stay away order of protection issued June 2, 2022 in Guilderland Town Court by contacting the victim in the manner, by making threats to the victim (?)"
MR. SUROOJBALLY: "Yes." EXHIBIT A (R22)

9. In both instances the court had Mr. Suroojbally admit to actually violating the order of protection instead of attempting to violate the order of protection. The colloquy has Mr. Suroojbally admit to conduct which would satisfy the Statute for Criminal Contempt 2nd (NY PL §215.50).

## THE COLLATORAL CONSEQUNCE OF THE COLLOQUY

10. Mr. Suroojbally is a native and citizen of Guyana. As a result of the colloquy he has been detained by the Department of Homeland Security and is facing removal proceedings.

11. The basis for the removal proceeding is "On July 28, 2023, the Schenectady City Court determined that you had in engaged in conduct that violated a portion of that

order that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for the protection was issued." EXHIBIT B. (R41-42)

12. The July 28, 2023 colloquy stated, "during the course of a domestic dispute with Farzana Saffie". The allocution to a "domestic dispute" lends itself to the elements of Criminal Contempt 2nd, not Attempted Criminal Contempt 2nd. (R28-29

13. The colloquy had the defendant admit to 1) a domestic dispute and 2) calling the victim. This is actual conduct, not attempted conduct.

14. That this is not a claim against collateral consequences of the plea. The plea itself, Attempted Criminal Contempt 2nd, would not lead to the conclusion that the defendant "engaged in conduct that violated a portion of that order that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for the protection was issued."

15. The allocutions elicited by the court are the basis for removal. EXHIBIT B (R41-42)

16. That an allocution to Attempted Criminal Contempt 2nd, what the defendant bargained for, would not lead to a basis for removal.

17. That as a result the defendants Constitutional Right to Due Process has been violated.

## CONCLUSION

FOR THE REASONS STATED HEREIN, DEFENDANT'S PLEA AND ALLOCUTIONS MUST BE VACATED AND STRICKEN FROM THE RECORD.

Respectfully Submitted,

Brian D. Mercy, Esq.
Attorney for Defendant.

Exhibit "A"

Sydney V. Probst                                    **DETAINED**
Assistant Chief Counsel
Department of Homeland Security
U.S. Immigration and Customs Enforcement
4250 Federal Drive
Batavia, NY 14020

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## BATAVIA, NEW YORK

| IN THE MATTER OF | IN REMOVAL PROCEEDINGS |
|---|---|
| **Yuvindra SUROOJBALLY** | **CASE # A061 758 820** |
| **RESPONDENT** | |

Immigration Judge: Hon. Brian Counihan   Hearing Date: August 28, 2024 1:00 PM

## NOTICE OF FILING OF DHS REMOVAL EVIDENCE

R 1

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## BATAVIA, NEW YORK

| IN THE MATTER OF | IN REMOVAL PROCEEDINGS |
|---|---|
| Yuvindra SUROOJBALLY | CASE # A061 758 820 |
| RESPONDENT | |

| Exhibit | Documents | Page(s) |
|---|---|---|
| A | Department of State Immigrant Data Summary | 1 |
| B | Record of Conviction | 2-8 |
| C | Plea Transcript | 9-30 |
| D | NYS RAP Sheet | 31-37 |

*Sydney V. Probst*

Sydney V. Probst
Assistant District Counsel
Batavia, NY

R 2

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## BATAVIA, NEW YORK

| IN THE MATTER OF | IN REMOVAL PROCEEDINGS |
|---|---|
| Yuvindra SUROOJBALLY | CASE # A061 758 820 |
| RESPONDENT | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, I caused to be served the DHS Evidence

☐      an identical copy in a sealed envelope with postage thereon fully prepaid and causing the same to be deposited with the U.S. Postal Service to the person at the precise and complete address set forth below. (*See* Immigration Court Practice Manual, Chapter 3.2)

☒      an identical copy hand-delivered to a responsible person at the address, set forth below, of the individual being served. (*See* Immigration Court Practice Manual, Chapter 3.2)

☐      via ECAS which will automatically notify both parties that a new document has been filed.

> Yuvindra SUROOJBALLY
> c/o Buffalo Federal Detention Facility
> 4250 Federal Drive
> Buffalo, NY 14020

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 23, 2024.

*Edwin C. Martin Jr.*

Edwin C. Martin Jr.
Legal Assistant
U.S Department of Homeland Security
Immigration and Customs Enforcement
Batavia, NY

R3

# Immigrant Data Summary

### (This is not a visa.)

Date/Time Prepared: 09-DEC-2010 13:35

A-Number: A61758820

Case ID: GEO2005658016

Family Name: SUROOJBALLY

First Name: YUVINDRA

ALIAS:

A061758820

IY

Y

YUVINDRA N SUROOJBALLY
C/O KALOWTIE SUROOJBALLY
164 HIGHLAND AVE
EDISON NJ 08917

JROOJBALLY
D AVENUE
8817
CHILDREN UNDER 16
VN

YUVINDRA N SUROOJBALLY
C/O KALOWTIE SUROOJBALLY
164 HIGHLAND AVE
EDISON NJ 08917

Issue Date: 09-DEC-2010

Visa Expiration Date: 08-JUN-2011

Passport Number: R0172212

Other Travel Documents Info:

Issued To: YUVINDRA SUROOJBALLY

OFFICE, GEORGETOWN

:c/FTJ Father/Mother/Spouse



01/07/2011   SRC-11-066-50840   SRCDMA02





01/07/2011   SRC-11-066-50840   SRCDMA02

# SRC-11-066-50840
## OS-155A

Admission Stamp



but Unclassified (SBU)

1

TX # 2301008

Uploaded on: 04/23/2024 at 09:56:34 AM (Eastern Standard Time) - Base City: 02/24/25    Page 92 of 137
Certificate #: 0-000001088-N

Page 1 of 1

## SCHENECTADY CITY COURT

**NO FEE**

531 Liberty Street, Schenectady, NY 12305

Phone: (518) 453-6989

e-mail: SchenectadyCity@nycourts.gov

Court ORI: NY046011J

| | |
|---|---|
| The People of the State of New York | **Certificate of Disposition** |
| vs. | Docket Number:      **CR-02318-23** |
| **Yuvindra Suroojbally** | |

NYSID:      14745166N

Defendant DOB: **10/26/1996**

Arrest Date: **05/11/2023**      Arraignment Date: **05/11/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Schenectady City Court** concerning the above entitled matter and finds the following:

| Number of Counts | Incident Date | Sentence Charge | Charge Description | Charge Weight | Conviction Type | Conviction/ Sentence Date | Sentence Highlight |
|---|---|---|---|---|---|---|---|
| 1 | 04/21/2023 | PL 110-215.50 03 | Attempted Crim Contempt-2nd:Disobey Crt | BM | Pled Guilty | Conv: 07/28/2023 Sent: 10/20/2023 | • Surcharge (MS ($175.00), CVAF ($25.00) - due 11/20/2023) • Probation (1 Years) • Fee (DNA ($50.00) - due 11/20/2023) |

**A balance remains due and owing for fines, fees and/or surcharges imposed at sentence.**

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **November 3, 2023**

Chief Clerk/Clerk of the Court

### CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

Pursuant to Judiciary Law § 212.2(z), a certificate of disposition for the public contains only records of convictions, if any, and information about pending cases. All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Conviction charges may not be the same as the original arrest charges.

| 1. NYSID No. 14006603N | 2. OBTS No. NA | | New York State ARREST REPORT | | 3. ( /No. 23079338 | 4. Ref No. | 4b. |
|---|---|---|---|---|---|---|---|
| 5. FBI No. | 6. Arrest No. 230001030 | 7. Agency SCHENECTADY POLICE DEPARTMENT | | | 8. Divis/Precinct | 4a. RICI No. | |

**D E F E N D A N T**

| 9. Name (Last,First) SUROOJBALLY, YUVINDRA | | | 10. Alias/Nickname | | | | | 11. Phone Number 5183328979 |
|---|---|---|---|---|---|---|---|---|

| 12. Street Number and Name 410 N. BRANDYWINE#1 | | | 13. City, State, Zip (C,T,V) Schenectady, NY 12304 | | 14. Residence Status | | 15a. POB GY |
|---|---|---|---|---|---|---|---|

| 16. Date of Birth 10/26/1996 | 17. Age 26 | 18. Sex Male | 19. Race O | | 20. Ethnic Non Hispanic | 21. Skin Medium | 15b. POB |
|---|---|---|---|---|---|---|---|

| 22. Height 5'5" | 23. Weight 130 | 24. Hair BLK | 25. Eyes BLK | 26. Glasses NONE | 27. Build Small | 28. Marital Status | 29. US Citizen Y | 30. Citizen of US |
|---|---|---|---|---|---|---|---|---|

| 31. Social Security No 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 | 32. Education | 33. Religion | 34. Occupation PLUMBER | Y | 35. Employed Y | 36. Scars, Marks, Tattoos TAT-RF FARZANA | |
|---|---|---|---|---|---|---|---|

**A R R E S T**

| 37. Arresting Officer HOY,MATTHEW | 38. ID No 9460 | 39. Assisting Officer | 40. ID No | 41. Arrest Date 05/11/2023 | 42. Time 08:30 | 43. Location of Arrest (C,T,V) 531 LIBERTY ST; SPD |
|---|---|---|---|---|---|---|

| 44. Juvenile No | 45. Condition of Defendant Normal | 46. Weapons at Arrest No | 47. Co-defendants Arrest No |
|---|---|---|---|

| 48. Miranda No | 49. Miranda By | 50. Miranda Date | 51. Miranda Time | 52. Statements No | 53. Status | 54. Search Warr No | 55. ID Procedure |
|---|---|---|---|---|---|---|---|

| 56. Arraign Court SCHENECTADY CITY COURT | 57. Arraign Judge | 58. Date 05/11/2023 | 59. Time 09:00 | 60. Property No | 61. Evid No | 61a. Process By | 61b. Disposition |
|---|---|---|---|---|---|---|---|

| 62. Incident No 23079338 | 63. Arrestee Status LODGED-ADULT | | 64. Bail Amount 0 | 65. Bondsman | 66. Photo No. |
|---|---|---|---|---|---|

| 67. Arrest Type Arrest Warrant | 68. Warrant No 42813 | 69. Arrest POA No | 70. Other Agency | 71. F/P Taken No |
|---|---|---|---|---|

| 72. Location of Offense 0 CITY OF SCHENECTADY | 73. Offense Date 04/21/2023 | 74.Offenders 1 | 75. Victims 1 | 76. Return Court | 77. Judge | 78. Date | 79. Time |
|---|---|---|---|---|---|---|---|

| 80. Defendant/Case TOT Agency | 80a. Officer's Name | | 80b. ID No. | 81. Time | 82. Date |
|---|---|---|---|---|---|

**C H A R G E**

| 83.Law | Article & Section | SUB | CL | CAT | DEG | ATT | NAME OF OFFENSE | CTS | NCIC Code | VICTIM | ASSOC NO | TYPE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PL | 21551B3EF1 | | | | | No | CRIM CONTEMPT-1ST - COMMUNICATES | 1 | 5016 | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

**84. Person Type**

| AP SE SR OS CO N | Type | NAME (LAST, FIRST, MIDDLE) | STREET NAME & NUMBER | CITY/STATE/ZIP | TELEPHONE NO. |
|---|---|---|---|---|---|
| | CO | MCGUIRL, HON | | | |
| | | | | | |

**85. DOMESTIC**

N A R R A T I V E

| 86. Arresting Officer's Signature | 87. ID No | 88. Supervisor's Signature | 89. ID No. | 94. 1 Page |
|---|---|---|---|---|

| 90. Result of SAFIS Latent Print ID? Yes No Unknown | 91. | | | of ___ Pages |
|---|---|---|---|

Certified to be a True and Accurate Copy of the Original which is filed and maintained in the Office of the City Court of Schenectady.

REBECCA ROSE, CHIEF CLERK
Rebecca Rose

3

Uploaded on: 12/13/2024 at 09:56:345 AM (Eastern Standard Time) Base File# 01734/23 Page 93 of 148

(R-2018-23)

COURT COPY

**City Court**
**City of Schenectady, ss:**

**Felony Complaint**
**Class E**
**Domestic**
**Ex-Boyfriend/Ex-Girlfriend**

# City of Schenectady, County of Schenectady, ss:

I, **Ptl. J. Davey #35**, being duly sworn, deposes and says that;
He is **a Police Officer for the City of Schenectady, New York, that:**
**Suroojbally, Yuvindra (DOB: 10/26/1996)** in the City and County of
Schenectady on the 21st day of April, 2023 did intentionally, unlawfully, and
knowingly commit the offense of **Criminal Contempt in the First Degree** in
violation of Subdivision (B) (III) of Section 215.51 of the Penal Law of the State of
New York, in that he did on the aforesaid date at or about 1749 hours.

A person is guilty of Criminal Contempt in the First Degree when:

(B) In violation of a duly served Order of Protection, or such order of which
the defendant has actual knowledge because he or she was present in court
when such order was issued, he or she:

(III) Intentionally places or attempts to place a person for whose protection
such order was issued in reasonable fear of physical injury, serious physical
injury or death when he or she communicates or causes a communication to be
initiated with such person by mechanical or electronic means or otherwise,
anonymously or otherwise, by telephone, or by telegraph, mail or any other form
of written communication

To wit: On the above date and approximate time while in the City of
Schenectady, County of Schenectady, New York, the defendant did knowingly
and unlawfully commit the offense of Criminal Contempt in the First Degree. The
defendant did so, when during the course of a domestic dispute with the victim,
**Saffie, Farzana (DOB: 08/18/1990)**, he did call the victim and make threats of
physical action stating "Watch what I'm going to do, your boyfriend better protect
you tonight." Said actions of the defendant did violate a duly served Stay Away
Order of protection issued out of **Guilderland Town Court** by the Honorable
Bryan M. Clenahan on 06/02/22 and is set to expire on 06/01/2025. Docket #-
21060046.

This information is upon information and belief. The source of the deponent's information and the grounds for his belief
being that of his personal investigation, a signed DIR and E- Justice.

Wherefore, deponent requests the defendant be arrested and dealt with according to law. False statements made in the
foregoing instrument are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law. With notice
of the foregoing, I hereby affirm that the foregoing statements of fact are true under penalty of perjury, this 21st day of
April, 2023.

PtL #35

Certified to be a True and Accurate Copy of the Original
which is filed and maintained in the Office of the City
Court of Schenectady.
REBECCA ROSE, CHIEF CLERK
Rebecca Rose

SCHENECTADY CITY COURT

APR 23 2023

FILED

4

ORI No: NY001211J
Order No: 2022-000078
NYSID No: 14745166N
CJTN No: _____

**Criminal Form 1 12/2020**

At a term of the Guilderland Town Court, County of Albany, at the Courthouse at Town Hall
PO Box 339, Guilderland, NY 12084, State of New York

PRESENT: Honorable Bryan M. Clenahan

**ORDER OF PROTECTION**
Family Offenses - C.P.L. 530.12

**PEOPLE OF THE STATE OF NEW YORK**
- against -
-Yuvindra Suroojbally ,
Defendant

☐ Youthful Offender (check if applicable)
Part: DV          Case No.: 21060046

DOB: 10/26/1996

Defendant Present in Court

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND CONTINUE IN EFFECT UNTIL A NEW DATE SET BY THE COURT.

THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER .

☐ **TEMPORARY ORDER OF PROTECTION** - Whereas good cause has been shown for the issuance of a temporary order of protection

☒ **ORDER OF PROTECTION** - Whereas defendant has been convicted of [specify crime or violation]:

PL 215.50 AM Criminal Contemp- 2nd, 1 count(s) of A Misd

And the Court having made a determination in accordance with section 530.12 of the Criminal Procedure Law,

IT IS HEREBY ORDERED that the above-named defendant Yuvindra Suroojbally (DOB: 10/26/1996) observe the following conditions of behavior:

[01]  Stay away from [A]     Jaiden Saffie (DOB: 06/22/2009);

[B]    the home of Jaiden Saffie (DOB: 06/22/2009);

[C]    the school of Jaiden Saffie (DOB: 06/22/2009);

[D]    the business of Jaiden Saffie (DOB: 06/22/2009);

[E]    the place of employment of Jaiden Saffie (DOB: 06/22/2009);

[14]  Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or any other electronic or any other means with Jaiden Saffie (DOB: 06/22/2009);

[17]  Refrain from remotely controlling, monitoring or otherwise interfering with any electronic device or other object affecting the home, vehicle or property of Jaiden Saffie (DOB: 06/22/2009) by connection through any means, including, but not limited to, the internet, Bluetooth, a wired or wireless network, or other wireless technology.

[02]  Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful dissemination or publication of intimate image(s) or any criminal offense against Jaiden Saffie (DOB: 06/22/2009);

IT IS FURTHER ORDERED that this order of protection shall remain in force until and including 06/01/2025.

DATED: 06/02/2022

☒ Defendant advised in Court of issuance and contents of Order.

☐ Order to be served by other means [specify]: _____

☐ Warrant issued for Defendant

☒ Order personally served on Defendant in Court

Honorable Bryan M. Clenahan

_____
(Defendant's signature)

☐ ADDITIONAL SERVICE INFORMATION [specify]: _____

The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize and in some situations may require, such officer to arrest a defendant who is alleged to have violated its terms and to bring him or her before the Court to face penalties authorized by law.

Federal law requires that this order be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person against whom the order is sought is an intimate partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 USC §§2265, 2266).

It is a federal crime to:
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty); and
• buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired. (18 U.S.C. 922(g)(8), §§922(g)(9), 2261, 2261A, 2262).

Criminal Form 1
12/2020

At a term of the __Justice__ Court, County of __Albany__

at the Courthouse at __Guilderland__ , State of New York

ORI No: _____

Order No: _____
NYSID No: _____

**ORDER OF PROTECTION**
Family Offenses - C.P.L. 530.12

CJTN No. _____

PRESENT: Hon. __Bryan M Clenahan__
PEOPLE OF THE STATE OF NEW YORK

☐ Youthful Offender (check if applicable)
Part: _____ Index/Docket No: _____
Indictment No, if any: __21550 CISon Contempt__
Charges: ☒ _____ 2nd C

against

__Lavinia Suroti bally__ Defendant Date of Birth: __10/24/91__

[Check box]; ☐ Ex Parte ☒ Defendant Present In Court

**NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

**THIS ORDER OF PROTECTION WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION CAN ONLY BE MODIFIED OR TERMINATED BY THE COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER.**

☐ TEMPORARY ORDER OF PROTECTION - Whereas good cause has been shown for the issuance of a temporary order of protection [as a condition of ☐ recognizance ☐ release on bail ☐ adjournment in contemplation of dismissal] _____ ☐ ORDER OF PROTECTION - Whereas defendant has been convicted of [specify crime or violation]: __PL 215.50()__ ;
☒ ORDER OF PROTECTION - Whereas defendant has been convicted of [specify crime or violation]: __PL 215.50()__ ;
And the Court having made a determination in accordance with section 530.12 of the Criminal Procedure Law,

IT IS HEREBY ORDERED that the above-named defendant observe the following conditions of behavior:
[Check applicable paragraphs and subparagraphs]:

[01]☒ Stay away from [A] ☐ (name(s) of protected person(s) or witness(es)]: __Farzana Suffil__ and/or from the
[B] ☐ home of __Farzana Suffil__ , [C]☒ school of _____ ,
[D] ☒ business of _____ , [E]☒ place of employment of ____ // ____ ;
[F] ☐ other _____
– ☐ except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody, visitation or child abuse or neglect proceeding.

[14]☒ Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with [specify protected person(s)]: __Farzana Suffil__ ;
☐ except for contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody, visitation or child abuse or neglect proceeding.

[17]☒ Refrain from remotely controlling, monitoring or otherwise interfering with any electronic device or other object affecting the home, vehicle or property of the protected person(s) by connection through any means, including, but not limited to, the internet, Bluetooth, a wired or wireless network, or other wireless technology.

[02]☒ Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, identity theft, grand larceny, coercion, unlawful dissemination or publication of intimate image(s) or any criminal offense against [specify protected person(s), members of such person's family or household, or person(s) with custody of child(ren)]: __Farzana Suffil__ ;

[15] ☐ Refrain from intentionally injuring or killing without justification the following companion animal(s) (pet(s)) [specify type(s) and, if available, name(s)]: _____ ;

[11] ☐ Permit [specify individual]: _____ to enter the residence at [specify ]: _____ during [specify date/time]: _____ with [specify law enforcement agency, if any]: _____ to remove personal belongings not in issue in litigation [specify items]: _____ ;

[04] ☐ Refrain from [indicate acts]: _____ that create an unreasonable risk to the health, safety, or welfare of [specify child(ren), family or household member]: _____ ;

[05] ☐ Permit [specify individual(s)]: _____ entitled by a court order or separation or other written agreement, to visit with [specify child(ren)]: _____ during the following periods of time [specify]: _____ , under the following terms and conditions [specify]: _____

[12] ☒ Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following _____ any _____ and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but in no event later than [specify date/time]: _____ at: _____ [13] And it is further ordered that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby [13A] ☐ suspended or [13B] ☐ revoked (note: final order only), and/or [13C] ☐ the Defendant shall remain ineligible to receive a firearm license during the period of this order. (Check all applicable boxes). NOTE: If this paragraph is checked, a copy of this form must be sent to: New York State Police, Pistol Permit Section, State Campus Building #22, 1220 Washington Avenue, Albany, New York 12226-2252.

[16] ☐ Promptly return or transfer the following identification documents [specify]: _____ to the party protected by this Order NOT LATER THAN [specify date]: _____ in the following manner [specify manner or mode of return or transfer]: _____ .

[Check box(es) if applicable]: ☐ Such documents shall be made available for use as evidence in this judicial proceeding.

☐ [Jointly owned documents or documents in both parties' names only]: the following document(s) may be used as necessary for legitimate use by the defendant [specify]: _____

[99] ☐ Specify other conditions defendant must observe for the purposes of protection: _____

IT IS FURTHER ORDERED that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby [ 13A] ☐ suspended or [13B] ☐ revoked (note: final order only), and/or [13C] ☐ the Defendant shall remain ineligible to receive a firearm license during the period of this order. (Check all applicable boxes).

IT IS FURTHER ORDERED that this order of protection shall remain in force until and including [specify date]: 6/1/25 , but if you fail to appear when you are required to do so, the order may be extended and continue in effect until a new date set by the Court.

DATED: 6/2/22

JUDGE / JUSTICE
Court (Court Seal)

☒ Defendant advised in Court of issuance and contents of Order.
☒ Order personally served on Defendant in Court

(Defendant's signature)

☐ Order to be served by other means [specify]: _____
☐ Warrant issued for Defendant
☐ ADDITIONAL SERVICE INFORMATION: [specify]: _____

The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize and in some situations may require, such officer to arrest a defendant who is alleged to have violated its terms and to bring him or her before the Court to face penalties authorized by law.

Federal law requires that this order be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person against whom the order is sought is an intimate

partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's rights (18 USC §§2265, 2266).

It is a federal crime to:

· cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;

· buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect

(Note: there is a limited exception for military or law enforcement officers but only while they are on duty); and

· buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against an intimate partner or family member, even after this Order has expired. (18 U.S.C. "922(g)(8), 922(g)(9), 2261, 2261A, 2262).

R 11

EOIR – 22 of 54
EOIR – 11 of 40

CRIMINAL COURT OF THE STATE OF NEW YORK
SCHENECTADY CITY COURT

------------------------X
IN THE MATTER(S) OF:

THE PEOPLE OF THE STATE
OF NEW YORK,                              File No. 148288
                        Petitioner,
                                          Docket No(s).:
            Vs.                           CR-02318-23

YUVINDRA SUROOJBALLY,

                        Respondent.
------------------------X

                        October 20, 2023

                        Review Pre-Sentence Investigation,
                        Violation of Probation

HELD AT:                531 Liberty Street
                        Schenectady, NY 12305

BEFORE:                 HON. BRANDI BURNS
                        Judge, Criminal

APPEARANCES:            MIKE DEMATTEO, ESQ
                        Attorney for The People

                        HEATHER GRAY, ESQ
                        Attorney for Yuvindra Suroojbally

ALSO PRESENT:           YUVINDRA SUROOJBALLY

Digitally Recorded Proceeding, Transcribed by:
                SONYA LEDANSKI HYDE

                Veritext Legal Solutions
          330 Old Country Road - Suite 300
                   Mineola, NY 11501

                          9

People Suroojbally 10/20/2023    2
PROCEEDINGS

1    CLERK: Yuvindra Suroojbally?

2    MS. GRAY: Judge, this was Mr. Weiss's case. I

3    am covering for today's purposes. I do believe that the

4    PSI, there's going to be some changes, minor changes, and

5    he is going to admit and then be referred to probation.

6    But I'll leave it up to your judgment.

7    MR. DEMATTEO: We have the offer. We have the

8    offer. Something seems wrong here, but we have the

9    offer.

10    MS. GRAY: (inaudible)

11    MR. DEMATTEO: Oh, because it's (inaudible).

12    Judge, can the Court tell me what they have for the

13    offer?

14    THE COURT: All right. On the violation of

15    probation, I believe it was just admit and be restored.

16    MR. DEMATTEO: Yes, I see that.

17    THE COURT: And then on the new charge, I have

18    attempted criminal contempt second, one year probation

19    consecutive, and a three-year full stay away order of

20    protection.

21    MR. DEMATTEO: Yeah. That's correct. Okay. I

22    got it now. Thank you.

23    MS. GRAY: (inaudible) Sorry.

24    MR. SUROOJBALLY: (inaudible)

25    MS. GRAY: I don't know. Let's just do one

Veritext Legal Solutions
330 Old Country Road - Suite 300
Mineola, NY 11501

10

1      thing at a time. Okay? So look at the (inaudible). Is

2      that your employment?

3              MR. SUROOJBALLY: (inaudible)

4              MS. GRAY: (inaudible)

5              MR. SUROOJBALLY: Mm hmm.

6              MS. GRAY: Okay. Anything else?

7              MR. SUROOJBALLY: No.

8              MS. GRAY: Okay. Did you sign this? Did you

9      look at all these?

10             MR. SUROOJBALLY: I (inaudible) sign.

11             MS. GRAY: Did you look at these?

12             MR. SUROOJBALLY: Yes.

13             MS. GRAY: Okay. Just sign (inaudible) this

14     last page.

15             THE COURT: Chris, is the plea already entered?

16             CLERK: (inaudible)

17             MS. GRAY: (inaudible) you would like him to

18     admit to?

19             MR. DEMATTEO: I don't care about that.

20             THE COURT: Okay.

21             MR. DEMATTEO: (inaudible)

22             MS. GRAY: They're in Family Court, so I think

23     I need a Family Court exception. I mean, to be honest, I

24     don't feel comfortable about doing this because I

25     (inaudible) this case.

EOIR – 25 of 54
EOIR – 14 of 40

People  Suroojbally 10/20/2023                                    4
                    PROCEEDINGS

 1              MR. SUROOJBALLY:  (inaudible)

 2              MS. GRAY:  (inaudible)

 3              MR. SUROOJBALLY:  I get that.

 4              MS. GRAY:  (inaudible) one copy.

 5              THE COURT:  (inaudible)  Just one copy, right?

 6              CLERK:  No, there is an extra one.

 7              THE COURT:  Where's the other one?

 8              CLERK:  It's right there.  She had it.

 9              THE COURT:  Okay.  We need to get that one.

10      Okay.  I'll get it.

11              CLERK:  Okay.

12              MS. GRAY:  Thank you (inaudible).  Did you read

13      all the terms and conditions?

14              MR. SUROOJBALLY:  Yes.

15              MS. GRAY:  Do you have any objection to any of

16      those?

17              MR. SUROOJBALLY:  No.

18              MS. GRAY:  Okay.  Sign that, please.  Okay.  So

19      the other part (inaudible) in Family Court.  Who is that?

20      (inaudible)?

21              MR. SUROOJBALLY:  Yes.

22              MS. GRAY:  Okay.

23              MR. SUROOJBALLY:  It's for custody.

24              MS. GRAY:  Okay.  So, here now there will be a

25      (inaudible) order of protection (inaudible) Court

                    Veritext Legal Solutions
                  330 Old Country Road - Suite 300
                       Mineola, NY 11501
                              12



Uploaded on: Case 1:24-cv-03565-ATR Western District Time Base filed 01/27/24 Page 102 of 148

1      exception.

2                  MR. SUROOJBALLY:  Okay.

3                  MS. GRAY:  Did you talk to (inaudible) about

4      that?

5                  MR. SUROOJBALLY:  (inaudible)

6                  MS. GRAY:  So, you'd have to go back then to

7      Family Court to be able to (inaudible).  What's the

8      arrangement right now?

9                  MR. SUROOJBALLY:  (inaudible) modified.  So I

10     would probably have (inaudible).

11                 MS. GRAY:  (inaudible) but it's a Court order

12     and you have to go back (inaudible).  I don't think you

13     should pursue it.

14                 MR. SUROOJBALLY:  I mean, like, let's just

15     leave it as is.  (inaudible)

16                 MS. GRAY:  Right, you can't.  But you can't

17     have contact until (inaudible) subsequent (inaudible)

18     with the child.  And I don't want you to -- you're going

19     to have to go there and get a Family Court -- subsequent

20     Family Court order.  What is the arrangement now?

21                 MR. SUROOJBALLY:  I would just (inaudible).

22                 MS. GRAY:  Oh, it's just started?

23                 MR. SUROOJBALLY:  Yeah.  (inaudible)

24                 MS. GRAY:  Okay.  But what is your -- what is

25     the visitation arrangement right now?

EOIR — 27 of 54
EOIR — 16 of 40

R16

Uploaded on: 12/13/2024 at 09:58:23 AM Eastern Standard Time - Filed: 01/17/2024    Page 103 of 148

1            MR. SUROOJBALLY: Every other week.

2            MS. GRAY: Okay.

3            MR. SUROOJBALLY: (inaudible)

4            MS. GRAY: But you're not going to be able to

5    do anything with this Court order of protection

6    (inaudible). You're going to have to go back to court.

7            MR. SUROOJBALLY: Yeah.

8            MS. GRAY: How are they doing that now if

9    there's a Court order?

10            MR. SUROOJBALLY: (inaudible)

11            MS. GRAY: Okay. Then continue that --

12            MR. SUROOJBALLY: Yeah.

13            MS. GRAY: Okay? Okay. So you're okay with

14    the terms and conditions. We're going to give both

15    copies back to the Court for her signature.

16            MR. SUROOJBALLY: Mm hmm.

17            MS. GRAY: And then we're going to just note

18    these two things. Okay?

19            Judge, Mr. Suroojbally, he did go ahead and

20    sign and execute the two copies of the terms and

21    conditions. Those appear to be in order. We just need

22    the Court's signature. And then do I get one copy back?

23            THE COURT: That's up to --

24            MS. GRAY: If I could -- and then I'll make a

25    copy, just for my file? Can you sign right here? This

EOIR — 28 of 54
EOIR — 17 of 40

Uploaded on: Case 1:24-cv-03774... Master Document... Base File... Page 104 of 148

 1      is for the DNA.  Oh, yeah.

 2              CLERK:  (inaudible)

 3              MS. GRAY:  Go ahead.

 4              CLERK:  (inaudible) information (indiscernible)

 5      the 728 order (inaudible).

 6              MS. GRAY:  Okay.  And then you (inaudible).

 7              MR. DEMATTEO:  I don't have an (inaudible).

 8              MS. GRAY:  (inaudible)

 9              MR. DEMATTEO:  I just have that was adjourned.

10              MS. GRAY:  (inaudible) stay order of protection

11      and (inaudible).

12              MR. DEMATTEO:  It's domestic.  The order is

13      domestic.

14              THE COURT:  And it's (inaudible)?

15              MR. DEMATTEO:  Three years.

16              CLERK:  Three years --

17              THE COURT:  Three years on --

18              CLERK:  (inaudible).

19              THE COURT:  (inaudible), yeah.

20              MS. GRAY:  (inaudible)  This is (inaudible)

21      contempt.  This is the one you're going to plead to

22      (inaudible) second.  And then --

23              MR. SUROOJBALLY:  (inaudible)

24              MS. GRAY:  Is that the one?  All right.

25      (inaudible) one because (inaudible), but is this the

                        Veritext Legal Solutions
                     330 Old Country Road - Suite 300
                           Mineola, NY 11501
                                15

Uploaded on: Case 1:24-cv-03973 Document 1-14 Filed 09/24/24 Page 105 of 148

1      (inaudible) criminal contempt second that he's going to

2      plead out to now?

3              THE COURT: I know. So now, do you --

4              MR. DEMATTEO: (inaudible)

5              THE COURT: Do you want me to give Ms.

6      (inaudible) --

7              MR. DEMATTEO: He's already pled anyway.

8              THE COURT: -- one full copy, or do you want

9      her to make a copy?

10             MS. GRAY: Well, he has a new criminal contempt

11     second that he has to plead to.

12             CLERK: (inaudible)

13             MR. DEMATTEO: (inaudible) he's getting a one

14     year sentence consecutive (inaudible).

15             THE COURT: Okay.

16             MR. DEMATTEO: Probation --

17             MS. GRAY: Okay. So, I don't --

18             MR. DEMATTEO: It's from --

19             THE COURT: Doing the stay away order, I'm

20     going to have to admit (inaudible) on the (inaudible).

21             MS. GRAY: So, okay. So it's this one.

22     (inaudible) he already pled and --

23             MR. DEMATTEO: I don't know what that is.

24             MS. GRAY: -- probably. Okay. I do this one,

25     then?

EOIR — 30 of 54
EOIR — 19 of 40

Uploaded on: 10/13/2024 at 09:56:33 AM Eastern Standard Time. Filed: 10/13/2024
Case 6:24-cv-06736-FPG Document 1-3 Filed 10/27/24 Page 106 of 148

```
 1                    MR. DEMATTEO:  (inaudible) I mean, that's what

 2        it says here, at least ours shows, that April 21st one.

 3        No, it's (inaudible).

 4                    MS. GRAY:  All right.  Yeah, it's just --

 5        (inaudible) it to 4B then --

 6                    MR. DEMATTEO:  Okay.

 7                    MS. GRAY:  -- since he already pled to it,

 8        right?

 9                    MR. DEMATTEO:  Mm hmm.

10                    MS. GRAY:  Okay.  Judge, he's going to go ahead

11        and admit on the violation of probation to 4B, whenever

12        the Court is ready.

13                    MR. SUROOJBALLY:  (inaudible)

14                    MS. GRAY:  I think we got it.  Okay?

15                    THE COURT:  It's the full stay away order.  Do

16        you need that DNA order back?

17                    CLERK:  Yes.

18                    JESSICA SANCHEZ:  And I need the DNA order, a

19        copy of the DNA order --

20                    MS. GRAY:  Okay.  He already --

21                    THE COURT:  -- back too as well.

22                    MS. GRAY:  He already signed that.

23                    THE COURT:  Yep.  I just need that back after

24        you make a copy.

25                    MS. GRAY:  Okay.  She needs it back.  And then
```

R20

People v. Suroojbally 10/20/2023          10
PROCEEDINGS

 1    we need Family Court exception with regard to the order

 2    of protection. (inaudible)

 3            MR. SUROOJBALLY: (inaudible)

 4            MS. GRAY: (inaudible)

 5            MR. SUROOJBALLY: (inaudible)

 6            MS. GRAY: Okay. So we'll just shoot this back

 7    at her.

 8            MR. SUROOJBALLY: (inaudible)

 9            CLERK: (inaudible)

10            THE COURT: Okay.

11            MS. GRAY: So, this one he signed, but we need

12    the Family Court exception. So can we just get this

13    (inaudible) done?

14            THE COURT: Yep.

15            MS. GRAY: Okay. I'll give you that back.

16    Give that back. (inaudible) Okay?

17            MR. SUROOJBALLY: (inaudible)

18            MS. GRAY: So we keep that.

19            THE COURT: While we're working on that revised

20    order of protection, do we want to do the violation --

21    admit to the violation?

22            MS. GRAY: 4B.

23            THE COURT: 4B. Okay. So, Suroojbally, is

24    that how you say it?

25            MR. SUROOJBALLY: Yes.

                    Veritext Legal Solutions
                330 Old Country Road - Suite 300
                        Mineola, NY 11501          R 21
                              18

1        THE COURT: Okay. Mr. Suroojbally, on April

2   21, 2023, did you violate a stay away order of protection

3   issued on June 2, 2022 in Guilderland Town Court by

4   contacting the victim in this manner, by making threats

5   to the victim.

6        MR. SUROOJBALLY: Yes.

7        THE COURT: Okay. Are the people satisfied?

8        MR. DEMATTEO: Yes, Your Honor.

9        THE COURT: Okay. Okay, here's the revised.

10        MS. GRAY: Judge, Mr. Suroojbally indicated to

11   me that with regards to the presentence investigation

12   report, that just on the cover sheet Page 1, is the

13   employer is not Blue Moon Construction. It's Belleville

14   Mechanical, correct?

15        MR. SUROOJBALLY: (inaudible)

16        THE COURT: I'm sorry. What is that?

17        MS. GRAY: It's on Page 1 --

18        THE COURT: Yep.

19        MS. GRAY: -- employer --

20        THE COURT: Just what was the name of the new

21   employer?

22        MS. GRAY: Yes. It's Belleville Mechanical, B-

23   E-L-L-E-V-I-L-L-E, Mechanical.

24        THE COURT: Okay.

25        MS. GRAY: (inaudible) It's the stay away order

People ( Suroojbally 10/20/2023    ( )                    12
                    PROCEEDINGS

1     of protection that we're talking about.  Was it a refrain

2     (inaudible) at the time?

3              MR. SUROOJBALLY:  Yeah.  It was (inaudible).

4              MS. GRAY:  (inaudible) issued (inaudible).

5              MR. SUROOJBALLY:  (inaudible)

6              MS. GRAY:  Okay.  Do you have a copy of this,

7     or is this --

8              THE COURT:  That's yours.

9              MS. GRAY:  Okay.  (inaudible) I'm giving you a

10    copy of (inaudible) --

11             MR. SUROOJBALLY:  Okay.

12             MS. GRAY:  -- to you.  These two copies are for

13    you.  This is yours.  You signed this, right?

14             MR. SUROOJBALLY:  Yes.

15             MS. GRAY:  This is the (inaudible).

16             THE COURT:  Thank you.

17             MS. GRAY:  There wasn't (inaudible).  It was

18    (inaudible).

19             MR. DEMATTEO:  (inaudible) case, but it was

20    just a (inaudible).  They might have wrote it wrong,

21    violation of probation portion.  (inaudible)

22             MS. GRAY:  (inaudible)

23                  (Proceedings Concluded)

24

25

                    Veritext Legal Solutions
                330 Old Country Road - Suite 300
                        Mineola, NY 11501
                              20

People v. Suroojbally 10/20/2023                    13
PROCEEDINGS

1                    C E R T I F I C A T E

2

3    I, Sonya Ledanski Hyde, certify that the foregoing transcript

4    of proceedings in the Schenectady Family Court of People /

5    Suroojbally, File No. 148288, Docket No(s). CR-02318-23 was

6    prepared using the required transcription equipment and is a

7    true and accurate record of the digitally recorded

8    proceeding.

9

10                        *Sonya M. Ledanski Hyde*

11   Signature:

12

13   Date:   July 15, 2024

14

15

16

17

18

19

20

21

22

23

24

25

EOIR — 35 of 54
EOIR — 24 of 40

CRIMINAL COURT OF THE STATE OF NEW YORK
SCHENECTADY CITY COURT

------------------------X
IN THE MATTER(S) OF:

THE PEOPLE OF THE STATE
OF NEW YORK,                              File No. 148288

                    Petitioner,
                                          Docket No(s).:
            Vs.                           CR-02318-23

YUVINDRA SUROOJBALLY,

                    Respondent.
------------------------X

                    July 28, 2023

                    To Consider Offer

HELD AT:            531 Liberty Street
                    Schenectady, NY 12305

BEFORE:             HON. KATHERINE A. MCGUIRL
                    Judge, Criminal

APPEARANCES:        MR. WEISS, ESQ
                    Attorney for Yuvindra Suroojbally

                    EMMA MOSKOWITZ, ESQ
                    Attorney for The People

ALSO PRESENT:       YUVINDRA SUROOJBALLY

Digitally Recorded Proceeding, Transcribed by:
            SONYA LEDANSKI HYDE

            Veritext Legal Solutions
        330 Old Country Road - Suite 300
                Mineola, NY 11501
                    22

                         PROCEEDINGS

1                MR. WEISS:  Good afternoon, Judge.

2                THE COURT:  Hello, Mr. Weiss.

3                MR. WEISS:  I have Yuvindra Suroojbally.

4                THE COURT:  All right.  So we're here on the

5     violation of probation PT-3740-22, as well as the Docket

6     CR-02381-23.  Mr. Suroojbally, could you state your name

7     for me, please?

8                MR. SUROOJBALLY:  Yuvindra Suroojbally.

9                THE COURT:  Thank you.  All right.  Mr. Weiss?

10               MR. WEISS:  Judge, at our last appearance,

11    there was discussion of the People's offer plea to the

12    previously reduced charge of criminal contempt in the

13    second degree.  I believe Mr. Suroojbally would be placed

14    on one year of probation on that.  And then the violation

15    of probation petition, there would be an admission and a

16    restoration to probation.

17               THE COURT:  Mm hmm.  That is my recollection as

18    well.

19               MR. WEISS:  Okay.  Perfect.  I have discussed

20    that with Mr. Suroojbally.  My understanding is he is

21    willing to accept that.  We could move forward, at least

22    with plea and potentially admission on the violation of

23    probation today.

24               THE COURT:  With the violation of probation, or

25    you want --


R 26

People  Suroojbally 07/28/2023                          3
PROCEEDINGS

```
 1              MR. WEISS:  We --

 2              THE COURT:  Do you want to do the plea and then

 3    --

 4              MR. WEISS:  Judge, I mean, I suppose we could

 5    move forward with both a plea and an admission today.

 6              THE COURT:  Mm hmm.

 7              MR. WEISS:  And then I think we'd have to put

 8    it out for a PSI.  I was hopeful that we had caught the

 9    one-year window with the violation of probation petition.

10    But unfortunately, it looks like his PSI may have been

11    done approximately one year and one month ago.

12              THE COURT:  Yes.  Mm hmm.

13              MR. WEISS:  So we can move forward with the

14    plea today and then just adjourn it on sentence.

15              THE COURT: All right.  Let's go ahead and --

16    is that what you would like to do, Mr. Suroojbally?

17              MR. SUROOJBALLY:  Yes.

18              THE COURT:  Okay.  Go ahead and raise your

19    right hand for me, please.

20              CLERK:  Do you swear and affirm to tell the

21    truth, the whole truth, and nothing but the truth, so

22    help you God?

23              MR. SUROOJBALLY:  Yes.

24              CLERK:  And state your name for the record?

25              MR. SUROOJBALLY:  Yuvindra Suroojbally.
```

Veritext Legal Solutions
330 Old Country Road - Suite 300
Mineola, NY 11501

24

People ( Suroojbally 07/28/2023      4
PROCEEDINGS

1           THE COURT: All right. Mr. Suroojbally, the

2     Court has been asked to consider your plea to the

3     attempted criminal contempt in the second degree with one

4     year probation, to run concurrent with your existing

5     probation through the probation transfer that came from

6     Guilderland Town Court, and that the Court would issue a

7     three-year order of protection. That would be to the

8     already reduced charge of criminal contempt in the second

9     degree. Is that your understanding as well?

10          MR. SUROOJBALLY: Yes.

11          THE COURT: And you'd like to move forward?

12          MR. SUROOJBALLY: Correct.

13          THE COURT: All right. If you need any more

14    additional time with Mr. Weiss, just let us know. All

15    right. Have you had an opportunity to speak with Mr.

16    Weiss about your case and the consequences of pleading

17    guilty?

18          MR. SUROOJBALLY: Yes.

19          THE COURT: Okay. Are you satisfied with the

20    services of your attorney?

21          MR. SUROOJBALLY: Yes.

22          THE COURT: Okay. Do you agree with me that

23    back on April 21, 2023, while here in the city and county

24    of Schenectady, that you committed the offense of

25    attempted criminal contempt in the second degree when



EOIR - 39 of 54
EOIR - 28 of 40

Uploaded on: 02/13/2024 at 09:07:35 AM (Eastern Standard Time)

PROCEEDINGS

1    during the course of a domestic dispute with Farzana

2    Saffie, you called her and attempted to make threats of a

3    physical action?

4              MR. SUROOJBALLY:  Yes.

5              THE COURT:  Okay.  And that there was an

6    existing stay away order issued by Guilderland Town Court

7    by Bryan Clenahan on April -- I'm sorry -- June 2, 2022?

8              MR. SUROOJBALLY:  Yes.

9              THE COURT:  Okay.  How do you plead to the

10   charge of attempted criminal contempt in the second

11   degree?  Guilty or not guilty?

12             MR. SUROOJBALLY:  Guilty.

13             THE COURT:  Okay.  Do you understand that it

14   will be the sentence of this Court that you will serve

15   one year probation concurrent with your existing

16   probation from Guilderland Town Court?

17             MR. SUROOJBALLY:  Yes.

18             THE COURT:  And that the Court would issue a

19   three-year full order of protection?

20             MR. SUROOJBALLY:  Yes.

21             THE COURT:  All right.  And do you understand

22   that by pleading guilty in this matter --

23             MS. MOSCOWITZ:  Judge --

24             THE COURT:  -- that you waive your right to

25   trial by jury, where you would have the right to confront

People (Suroojbally 07/28/2023                          6
                    PROCEEDINGS

1      and cross-examine witnesses?  You would waive your right

2      to remain silent and to not incriminate yourself?

3                  MR. SUROOJBALLY:  Yes.

4                  MS. MOSCOWITZ:  Judge, my apologies.  We're

5      doing one year consecutive to Guilderland.

6                  THE COURT:  Consecutive.  Okay.

7                  MR. WEISS:  That's correct, Judge.

8                  THE COURT:  All right.  Well, let's back up

9      then, Ms. Moscowitz.  When does the Guilderland Town

10     Court probation expire?

11                 MS. MOSCOWITZ:  (inaudible)  So it --

12     (inaudible) --

13                 MR. SUROOJBALLY:  (inaudible)

14                 MS. MOSCOWITZ:  It ends on June 1st of 2025.

15                 THE COURT:  Okay.  So after June 1st in 2025,

16     it would run then from June of 2025 to 2026.  Is that

17     correct, Ms. Moscowitz?

18                 MS. MOSCOWITZ:  Yes, Judge.

19                 THE COURT:  All right.  So it would be

20     consecutive, not concurrent.  Is that your understanding

21     as well?

22                 MR. SUROOJBALLY:  Yes.

23                 THE COURT:  All right.  If you are not a

24     citizen of the United States, do you wish to plead

25     guilty, regardless of whether the plea in whole or in p

Uploaded on: 12/13/2024 at 09:07:35 AM (Eastern Standard Time) - Nassau County Clerk
Uploaded on: 12/13/2024 at 09:07:35 AM (Eastern Daylight Time) - Base City 02/31/25    Page 108 of 137

1    art results in your deportation, exclusion from the

2    United States, or denial of naturalization?

3              MR. SUROOJBALLY:  I'm sorry?

4              THE COURT:  If you're not a citizen --

5              MR. SUROOJBALLY:  Uh huh.

6              THE COURT:  -- pleading guilty in this matter

7    can have negative effects on your status to be here in

8    the United States.  Do you understand that by pleading

9    guilty in this matter, it could result in your

10   deportation, exclusion from the United States, or denial

11   of naturalization?

12             MR. SUROOJBALLY:  Yes.

13             THE COURT:  Okay.  Are you pleading guilty

14   voluntarily and of your own free will and choice?

15             MR. SUROOJBALLY:  Yes.

16             THE COURT:  Okay.  The Court accepts your plea.

17        All right.  We will set this out -- is six

18   weeks sufficient (inaudible)?  All right.  We'll set it

19   out six weeks for a PSI.  All right.  That brings us to

20   September 8th.  All right.  So we'll do 9/8/2023 at 9:00.

21   Okay?

22             MR. WEISS:  (inaudible)

23             THE COURT:  I will note (inaudible) is still

24   outstanding.  Anything further, Mr. Weiss?

25             MR. WEISS:  If it's less than a year old

EOIR - 42 of 54
EOIR - 31 of 40

People ( Suroojbally 07/28/2023                                    8
PROCEEDINGS

1     (inaudible) PSI the second year (inaudible) month

2     (inaudible).

3              THE COURT: Anything further, Mr. Weiss?

4              MR. WEISS: Judge, with respect to this matter,

5     no.

6              THE COURT: Mm hmm.

7              MR. WEISS: Would the Court just want to bring

8     the violation of probation back on that September date,

9     or does the Court want to move forward?

10             THE COURT: I think that makes sense.

11             MR. WEISS: Okay.

12             THE COURT: Yeah. I think it makes sense to do

13    them to do them all at the same time.

14             MR. WEISS: Understood, Judge.

15             THE COURT: All right. Ms. Moscowitz, do you

16    wish to be heard?

17             MS. MOSCOWITZ: No, Judge. Thank you.

18             THE COURT: All right. So we will see you back

19    here on September 8, 2023, 9:00 AM. It's for plea --

20    it's for sentencing in relation to 2318 of 2023 and then

21    we'll address the violation of probation at that time.

22    Okay?

23             MR. WEISS: Judge, that was at 9:00 AM?

24             THE COURT: 9:00 AM.

25             MR. WEISS: Okay. Thank you, Judge.

EOIR — 43 of 54
EOIR — 32 of 40

R32

Uploaded on: 02/13/2024 at 09:07:35 AM (Eastern Standard Time) Date Filed 02/13/24    Page 119 of 137

People / Suroojbally 07/28/2023                              9
                    PROCEEDINGS

1                    THE COURT:  Mr. Weiss, do you have any other

2        matters?

3                    MR. WEISS:  I have nothing further, Judge.

4        Thank you.

5                    THE COURT:  All right.  Thank you, Mr. Weiss.

6        Have a good weekend.

7                    (Proceedings Concluded)

8                    C E R T I F I C A T E

9

10     I, Sonya Ledanski Hyde, certify that the foregoing transcript

11     of proceedings in the Schenectady Family Court of People /

12     Suroojbally, File No. 148288, Docket No(s). CR-02318-23 was

13     prepared using the required transcription equipment and is a

14     true and accurate record of the digitally recorded

15     proceeding.

16

17                    _Sonya M. Ledanski Hyde_

18     Signature:

19

20     Date:  July 15, 2024

21

22

23

24

25

                         Veritext Legal Solutions
                    330 Old Country Road - Suite 300
                         Mineola, NY 11501
                              30



**eJusticeNY** INTEGRATED JUSTICE PORTAL

Timothy
Hancox/NYCE1-350

People » Criminal History » Criminal Repository Inquiry — IT Security Incident Report
Feedback [+]

Criminal Repository

PRINT | BACK

## Repository Inquiry
To: hancoxt For: Timothy Hancox Case No:A061758820 FBI Number - VEWERE5K7 - CRI

New York State Division of Criminal Justice Services
Alfred E. Smith Building, 80 South Swan St.
Albany, New York 12210. Tel:1-800-262-DCJS

Identification  Summary  Criminal History  Job/License  Wanted  Missing

## ○ Attention - Important Information ⬆

\* See **Additional Information** at the bottom of this response for more banners pertaining to the criminal history

**Subject currently on Probation - Schenectady County Probation**

**DNA SAMPLE IS ON FILE IN THE DNA DATABANK:** If additional DNA Databank information is required call DCJS Office of Forensic Services at (518)457-1901

## ○ Identification Information ⬆



**Name:**

YUVINDRA SUROOJBALLY    Yuvindra Suroojbally

YUVINDRA J SUROOJBALLY

**Date of Birth:**

October 26, 1996

**Place of Birth :**

Guyana

Cycle 3
Arrest Date May 11, 2023

**Address:**

410 NORTH BRANDYWINE 1, SCHENECTADY, NY 12304

1041 Howard Street 2nd Floor, Schenectady, NY 12303

3399 CARMEN RD, SCHENECTADY, NY 12303

31 SPRUCE ST, 1, SCHENECTADY, NY 12304

| Sex: | Race: | Ethnicity: | Skin Tone: |
|---|---|---|---|
| Male | Other | Not Hispanic | Medium |
| Eye Color: | Hair Color: | Height: | Weight: |
| Black | Black | 5' 05" | 130 |

**SSN:**

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

| NYSID#: | FBI#: | Probation Client ID#: | NCIC Classification#: |
|---|---|---|---|
| 14745166N | VEWERE5K7 | 2089635 | |

31

R 74

III Status: Criminal record in N~ ~only

**US Citizen:**    No

## ◉ Summary Information

**Total Arrests:** 3    **Date of Earliest Arrest:** July 27, 2019    **Latest Prior Arrest Date:** May 11, 2023

| Total Arrests: | 3 | Total Arraigned Arrests: | 3 | Total Open Cases: | 1 | Cycles (max 5) |
|---|---|---|---|---|---|---|
| Felony: | 1 | Felony: | 1 | Felony: | 0 | |
| Violent Felony: | 0 | Violent Felony: | 0 | Violent Felony: | 0 | |
| Firearm: | 0 | Firearm: | 0 | Misdemeanor: | 1 | 1 |
| Misdemeanor: | 2 | Misdemeanor: | 2 | Other: | 0 | |
| Other: | 0 | Other: | 0 | Open ACD: | 0 | |
| | | | | Non Docketed Cases: | 0 | |

| Total Convictions: | 2 | Cycles (max 5) | Warrant Information: | | Cycles (max 5) | DOC Classification: | | Cycles (max 5) |
|---|---|---|---|---|---|---|---|---|
| Felony: | 0 | | Failure to Appear Counts: | 0 | | Escape Charges: | 0 | |
| Violent Felony: | 0 | | Total Open: | 0 | | Sex Offender Convictions: | 0 | |
| Firearm: | 0 | | Active NYC: | 0 | | Probation Revoc: | 0 | |
| Misdemeanor: | 2 | 3,2 | | | | Parole Revoc: | 0 | |
| Other: | 0 | | | | | | | |
| YO Adjud.: | 0 | | | | | | | |

**Note:** Summary Information may not reflect official actions. DCJS strongly urges the recipient to review the enclosed criminal history record information.

## ◉ NYS Criminal History Information

### ⬇ Cycle 3

**Arrest/Charge Information**
Arrest Date: May 11, 2023 08:30 am (08:30:00)

| | |
|---|---|
| Name: | YUVINDRA SUROOJBALLY |
| Date of Birth: | October 26, 1996 |
| Country of Citizenship: | USA |
| Sex: | Male |
| Race: | Other |
| Ethnicity: | Not Hispanic |
| Height: | 5' 05" |
| Weight: | 130 |
| SSN: | 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 |
| Age at time of crime/arrest: | 26 |
| Address: | 410 NORTH BRANDYWINE 1, SCHENECTADY, NY 12304 |
| Place of Arrest: | City of Schenectady, Schenectady County, NY |
| Arrest Type: | Warrant |
| Date of Crime: | April 21, 2023 |
| Place of Crime: | City of Schenectady, Schenectady County, NY |
| Criminal Justice Tracking No.: | 70303046P |

32


EOIR — 46 of 54
EOIR — 35 of 40

| | |
|---|---|
| **Arresting Agency:** | Schenectady City Police Department |
| **Arresting Officer ID:** | 9460 |
| **Local Person Id:** | 1208882 |
| **Incident Number:** | 23079338 |
| **Arrest Number:** | 23079338 |
| **Arraignment:** | Schenectady City Court |

**Arrest Charges:**

-- Criminal Contempt-1st:Violate Order Protection- Communicates w/ Person

PL 215.51      Sub BIII      Class E  Felony  Degree 1  NCIC 5016

## Court Case Information

--Court: Schenectady City Court   **Case Number:** CR-02318-23

May 11, 2023
**Initial Report Of Docket Number**

May 11, 2023
**Arraigned**

-- Criminal Contempt-1st:Violate Order Protection- Communicates w/ Person

PL 215.51      Sub BIII      Class E  Felony          NCIC 5016

-- Attempted Criminal Contempt-2nd:Disobey Court

PL 215.50      Sub 03      Class B  Misdemeanor      NCIC 5005

May 11, 2023
**Returned On Warrant**

October 20, 2023
**Convicted Upon Plea Of Guilty** - Conviction Date: July 28, 2023

-- Attempted Criminal Contempt-2nd:Disobey Court

PL 215.50          Sub 03      Class B    Misdemeanor          NCIC 5005

**Reduced From:**
-- Criminal Contempt-2nd:Disobey Court
PL 215.50 Sub03 Class A Misdemeanor NCIC 5005

**Reduced From:**
-- Criminal Contempt-1st:Violate Order Protection- Communicates w/ Person
PL 215.51          SubBIII      Class E    Felony    NCIC 5016

**Sentenced to:** Probation: 1 Year(s) Order of Protection
**Sentence Date:** October 20, 2023

---

⬥ Cycle 2 ⬆
**Domestic Incident Report Filed**

**Arrest/Charge Information**
Arrest Date: June 02, 2021 12:24 am (00:24:00)

33

R36

| Name: | UVINDRA SUROOJBALLY |
|---|---|
| Date of Birth: | October 26, 1996 |
| Country of Citizenship: | USA |
| Sex: | Male |
| Race: | Other |
| Ethnicity: | Not Hispanic |
| Height: | 5' 05" |
| Weight: | 120 |
| SSN: | 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 |
| Age at time of crime/arrest: | 24 |
| Address: | 3399 CARMEN RD, SCHENECTADY, NY 12303 |
| Place of Arrest: | Town of Guilderland, Albany County, NY |
| Arrest Type: | Crime In Progress |
| Date of Crime: | June 02, 2021 |
| Place of Crime: | Town of Guilderland, Albany County, NY |
| Criminal Justice Tracking No.: | 69649021Z |
| Arresting Agency: | Guilderland Town Police Department |
| Arresting Officer ID: | GPD8854 |
| Local Person Id: | 525403 |
| Incident Number: | 21068296 |
| Arrest Number: | 20210010626 |
| Arraignment: | Guilderland Town Court |

**Arrest Charges:**

-- Act In Manner Injure Child Less Than 17
  PL 260.10   Sub 01  Class A Misdemeanor Degree 0 NCIC 3801

-- Criminal Contempt-2nd:Disobey Court
  PL 215.50   Sub 03  Class A Misdemeanor Degree 2 NCIC 5005

-- Harassment-2nd Degree: Physical Contact
  PL 240.26   Sub 01         Violation      Degree 2 NCIC 7099

## Court Case Information

--**Court:** Guilderland Town Court   **Case Number:** 21060046

June 02, 2021
**Initial Report Of Docket Number**

June 02, 2021
**Arraigned**
  -- Assault-3rd Degree
    PL 120.00         Class A Misdemeanor NCIC 1399

  -- Act In Manner Injure Child Less Than 17
    PL 260.10   Sub 01  Class A Misdemeanor NCIC 3801

  -- Criminal Contempt-2nd:Disobey Court
    PL 215.50   Sub 03  Class A Misdemeanor NCIC 5005

34

June 02, 2022
**Convicted Upon Plea Of Guilty** - Conviction Date: June 02, 2022

-- Criminal Contempt-2nd:Disobey Court

PL 215.50        Sub 03      Class A      Misdemeanor        NCIC 5005

**In Full Satisfaction of:**

-- Assault-3rd Degree
   PL 120.00   Class A Misdemeanor NCIC 1399

-- Act In Manner Injure Child Less Than 17
   PL 260.10 Sub01  Class A Misdemeanor NCIC 3801

**Sentenced to:** Probation: 3 Year(s) Fine Amount: $250 Status: Paid in Full
**Sentence Date:** June 02, 2022

June 02, 2022
**Not Arraigned**

-- Harassment-2nd Degree: Physical Contact
   PL 240.26    Sub 01   Violation NCIC 7099

## Incarceration/Supervision Information

**Probation Information**

| | |
|---|---|
| Name: | Yuvindra Suroojbally |
| Sex: | Male |
| Race: | Other |
| Ethnicity: | Not Hispanic |
| Address: | 1041 Howard Street 2nd Floor, Schenectady, NY 12303 |
| Placed on Probation: | June 02, 2022 |
| Max Expiration Date: | June 01, 2025 |
| Supervision Agency: | Schenectady County Probation |
| Jurisdiction Agency: | Schenectady County Probation |
| Probation Officer ID: | SY052 |
| Probation Registration Number: | 4101267 |
| Probation Case Number: | 14745166N |
| Probation Discharge Date: | |

## Cycle 1 ⬆
## Domestic Incident Report Filed

**Arrest/Charge Information**
Arrest Date: July 27, 2019 09:10 am (09:10:00)

| | |
|---|---|
| Name: | YUVINDRA SUROOJBALLY |
| Date of Birth: | October 26, 1996 |

| | |
|---|---|
| **Country of Citizenship:** | USA |
| **Sex:** | Male |
| **Race:** | Other |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 05" |
| **Weight:** | 120 |
| **SSN:** | 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 |
| **Age at time of crime/arrest:** | 22 |
| **Address:** | 31 SPRUCE ST, 1, SCHENECTADY, NY 12304 |
| **Place of Arrest:** | City of Schenectady, Schenectady County, NY |
| **Arrest Type:** | Complaint |
| **Date of Crime:** | July 27, 2019 |
| **Place of Crime:** | City of Schenectady, Schenectady County, NY |
| **Criminal Justice Tracking No.:** | 69097629N |
| **Arresting Agency:** | Schenectady City Police Department |
| **Arresting Officer ID:** | SPDS5545 |
| **Local Person Id:** | 525403 |
| **Incident Number:** | 19138437 |
| **Arrest Number:** | 20190127820 |
| **Arraignment:** | Schenectady City Court |

**Arrest Charges:**

-- Act In Manner Injure Child Less Than 17
PL 260.10    Sub 01   Class A Misdemeanor Degree 0 NCIC 3801

-- Criminal Mischief:Intent To Damage Property
PL 145.00    Sub 01   Class A Misdemeanor Degree 4 NCIC 2999

**Court Case Information**

**Court:** Schenectady City Court    **Case Number:** CR-04729-19

July 27, 2019
**Initial Report Of Docket Number**

July 27, 2019
**Arraigned**
-- Act In Manner Injure Child Less Than 17
PL 260.10    Sub 01   Class A Misdemeanor NCIC 3801

-- Criminal Mischief:Intent To Damage Property
PL 145.00    Sub 01   Class A Misdemeanor NCIC 2999

August 12, 2019
**Transferred To Superior Court**
-- Act In Manner Injure Child Less Than 17
PL 260.10    Sub 01   Class A Misdemeanor NCIC 3801

-- Criminal Mischief:Intent To Damage Property
PL 145.00    Sub 01   Class A Misdemeanor NCIC 2999

R 39

## ⊖ Other History Related Information ♠

There is no Other History Related Information associated with this history.

## ⊖ Job/License Information ♠

There is no Job/License Information associated with this history.

## ⊖ Wanted Information ♠

There is no NYS Wanted Information associated with this history.

## ⊖ Missing Person Information ♠

There is no NYS Missing Information associated with this history.

## ⊖ Additional Information ♠

Sentencing - Where an individual is sentenced June 1, 1981 or later on more than one charge within a docket, the sentence may be considered to be concurrent unless identified as consecutive.

**Caution: Identification not based on fingerprint comparison. This record was produced as the result of an inquiry.**

**According to our files, this individual does not appear to have History in III. However this does not preclude the possibility that the FBI does have a record. If you desire this information, please submit a request directly to the FBI.**

WARNING: Release of any of the information presented in this computerized Case History to unauthorized individuals or agencies is prohibited by federal law TITLE 42 USC 3789g(b).
This report is to be used for this one specific purpose as described in the Use and Dissemination Agreement your agency has on file with DCJS. **Destroy after use and request an updated rap sheet for subsequent needs.**
All information presented herein is as complete as the data furnished to DCJS.

BACK

About  |  Site Map  |  Site Policies  |

November 13, 2023 1:57 PM EST

R 40

Exhibit "B"

DEPARTMENT OF HOMELAND SECURITY

**NOTICE TO APPEAR**

DOB: 10/26/1996

Event No: ALB2411000036

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 389428850                    FINS: 1112433237                File No: 061 758 820

In the Matter of:

Respondent: YUVINDRA SURCOJBALLY                                        currently residing at:

4250 FEDERAL DRIVE BATAVIA, NEW YORK, 14020                             (585) 344-6500

    (Number, street, city, state and ZIP code)                  (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of GUYANA and a citizen of GUYANA;

3. On December 21, 2010, you were admitted to the United States at New York, NY as a lawful permanent resident (class F-25);

4. On June 2, 2022, you were enjoined under a protection order issued by the Guilderland Town Court Court of the State of New York;

5. On July 28, 2023, the Schenectady City Court determined that you had engaged in See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(E)(ii) of the Immigration and Nationality Act, as amended, in that you are an alien who at any time after entry has been enjoined under a protection order and has been determined to have engaged in conduct in violation of that order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

4250 FEDERAL DR RM F108 BATAVIA NY 14020. EOIR SPC Batavia, NY
    (Complete Address of Immigration Court, including Room Number, if any)

on September 6, 2024 at 9:00 AM to show why you should not be removed from the United States based on the
  (Date)      (Time)

charge(s) set forth above.

P 7108 SALMON - SDDO
    (Signature and Title of Issuing Officer)

Date: August 16, 2024                          Malta, NY
                          (City and State)

R41

U.S. Department of Homeland Security

**Continuation Page for Form** I-862

| Alien's Name | File Number | Date |
|---|---|---|
| SUROOJBALLY, YUVINDRA | 061 758 820 | 08/16/2024 |
| | Event No: ALB2411000036 | |

THE SERVICE ALLEGES THAT YOU:
--------------------------------

conduct that violated a portion of that order that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued.

| Signature | Title |
|---|---|
| P 7108 SALMON | SDDO |

4 of 4 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

R 42



# SACCONE &
# DOBOSIEWICZ LLP
## IMMIGRATION ATTORNEYS

KURT R. SACCONE
PARTNER

December 16, 2024

Honorable Brian Counihan, Immigration Judge
Batavia Immigration Court
4250 Federal Drive
Batavia, New York 14020

   RE: SUROOJBALLY, Yuvindra N.
      A061-758-820

Dear Judge Counihan:

On December 2, 2024, Respondent filed two motions to terminate.  Eleven (11) days later, on Friday, December 13, 2024, the Department filed a Response to the motions.

Also, on Friday, December 13, 2024, Respondent's criminal proceeding in CR-02318-23/SC was conducted in the Schenectady City Court.

Respondent intends to file a Reply to the Department's Response by Wednesday, December 18, 2024.

Very truly yours,

SACCONE & DOBOSIEWICZ LLP

By:
   Kurt R. Saccone, Esq.

300 International Drive, Suite 100, Buffalo, NY 14221  ◇  (716) 870-2262  ◇  Fax (716) 810-9221

Tacoma ◇ Buffalo ◇ Albany

## <u>CERTIFICATE OF SERVICE</u>

CASE NAME:       SUROOJBALLY, Yuvindra N.
CASE NUMBER:    A061-758-820

I HEREBY CERTIFY that on this 16th day of December 2024, I caused to be served the
foregoing Letter to Immigration Judge::

☒       by ECAS; I electronically filed this document and the party named below is
         participating in ECAS.

☐       by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid
         and causing the same to be mailed by first class mail to the person named at the address
         set forth below.

☐       by causing to be personally delivered a true copy thereof to the person named at the
         address set forth below.

☐       by certified mail return receipt requested to the person at the address set forth below.

☐       by FEDERAL EXPRESS to the person named at the address set forth below.

☐       by telefaxing with acknowledgment of receipt to the person named at the address and
         telephone number set forth below.

Office of Chief Counsel –OPLA, Batavia
U.S. Department of Homeland Security
4250 Federal Drive
Batavia, NY 14020

I DECLARE under penalty of perjury that the foregoing is true and correct.  Executed on
December 16, 2024.

Kurt R. Saccone
Saccone & Dobosiewicz LLP
300 International Drive, Suite 100
Williamsville, NY  14221
716-870-2262
716-810-9221 (fax)

**Kurt R. Saccone, Esq.**                                    **DETAINED**
**Saccone & Dobosiewicz LLP**
**300 International Drive, Suite 100**
**Williamsville, NY 14221**
**716-870-2262**
**ksaccone@sdlawllp.com**


### UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### IMMIGRATION COURT
### BATAVIA, NEW YORK


| | |
|---|---|
| **In the Matter of** | |
| **SUROOJBALLY, Yuvindra N.** | **IN REMOVAL PROCEEDINGS** |
| **Respondent** | **File No.: A061-758-820** |


**Immigration Judge Counihan**          **Next Hearing: December 30, 2024 at 1:00 P.M.**


### RESPONDENT'S REPLY

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BATAVIA, NEW YORK

In the Matter of

SUROOJBALLY, Yuvindra N.

        Respondent

IN REMOVAL PROCEEDINGS

File No.:  A061-758-820

<u>RESPONDENT'S REPLY</u>

      Respondent, by and through undersigned Counsel, hereby replies to the Department of Homeland Security's opposition to Respondent's motions to terminate.

      On December 2, 2024, Respondent filed two motions to terminate.  The first Motion to Terminate was on the basis that (1) the Department of Homeland Security (hereinafter "the Government") did not produce the order of protection enjoining Respondent and protecting Farzana Saffie, which arguably the court minutes found that Respondent violated, and (2) no where in the court minutes is there a "determination" or finding expressed by the state court judge that Respondent violated the removability-relevant portion of the unknown, not in evidence, order of protection protecting Farzana Saffie.  *See* Respondent's Motion to Terminate (12/2/2024, 09:56:10 AM) (hereinafter "Motion to Terminate 1").  The second Motion to Terminate was on the basis that the state court judge had just vacated Respondent's "plea and sentence to the crime of Attempted Criminal Contempt 2nd" and "ordered that the minutes of the plea and sentence" be stricken from the record.  *See* Respondent's Motion to Terminate (12/2/2024, 12:09:50 PM) (hereinafter "Motion to Terminate 2").

The Government has *untimely* responded to Respondent's motions.  Respondent's motions were filed on December 2, 2024; the Government responded eleven (11) days later, on December 13, 2024.  This Court issued an Order dated September 25, 2024 setting forth, *inter alia*, filing deadlines.  *See* Order of the Immigration Judge (Sept. 25, 2024) at ¶2, p. 2.  "Responses to filings must be filed within ten (10) days after the original filing with the immigration court."  *Id.*  The Government's response is untimely and should not be considered.  *See id.* ("must be filed").  Further, Respondent's motions should be deemed unopposed.  *See id.* ("must be filed").

In the event the Court nonetheless considers the Government's response, despite violating the Court's Order, Respondent herein replies to the substance of the Government's response.

The Government, in its response, has misrepresented facts and failed to disclose adverse case law.

## THE GOVERNMENT HAS MISREPRESENTED THE NAME OF THE PROTECTED PERSON  ON THE ORDER OF PROTECTION

The Government, in its response, stated:  "That OOP names the respondent as the defendant and names Farzana Saffie as the protected person.  Exh. 2 at EOIR p. 9-10."  *See* The Department of Homeland Security's Opposition to Respondent's Motion to Terminate (12/13/2024) (hereinafter "Government Opposition") at EOIR p. 2.  That statement is untrue.  It misrepresents the record facts.

Respondent set forth in detail the two orders of protection the Government submitted as evidence, and it bears repeating:  "The Department of Homeland Security (hereinafter "Government") had previously-filed their evidence, including *two* Orders of Protections issued June 2, 2022 by the Guilderland Town Court, one Order restraining Respondent and protecting a Jaiden Saffie, and the other Order restraining Respondent and protecting a Farzana **Suffie**.  *See*

Ex. 2 at 5,6." *See* Respondent's Motion to Terminate 1 (12/2/2024) at 1 (emphasis added).

Respondent further set forth the argument:  "it is highly doubtful the Board would permit the

Court to create a composite third order of protection, out of whole cloth, using the first name

from one order of protection, and the last name from the other order of protection, *see* Ex. 2 at

5,6, to conduct the required analysis under the Board's second instruction."  *See id.* at 5.

 There remains no order of protection protecting Farzana Saffie in the record evidence for

this Court to follow the Board's instructions in *Matter of Obshatko*, 27 I&N Dec. 173 (BIA

2017), and decide whether the protection order "was issued for purposes of preventing violent or

threatening acts of domestic violence" without actually having, viewing, and reading the

protection order."  *See id.*  All we have today is the Government's misrepresentation that the

order of protection protects "Farzana Saffie," when it in fact protects Farzana **Suffie**.  The

protected person is listed four (4) times on the order of protection.  In all four (4) instances that

person is listed as Farzana Suffie.  Perhaps implicit in the Government's misrepresentation of the

name to the Court is the urging to the Court that it is *"close enough"* to the name for the Court to

find it is "clear and convincing."  But the only name that is clear is "Farzana Suffie."  Four

times.  *See* Ex. 2 at 5-6 (EOIR p. 9-10).  If it is clearly Farzana Suffie, it cannot also be clearly

Farzana Saffie.

**THE GOVERNMENT HAS MISREPRESENTED THAT**
**THE SOLE PURPOSE OF RESPONDENT'S 440 MOTION WAS TO AVOID**
**IMMIGRATION CONSEQUENCES.**

 The Government, in its response, stated:  "[T]he motion that precipitated the Schenectady

City Court order demonstrates that **the sole purpose** of this order was to avoid immigration

consequences."  *See* Government Opposition at EOIR p. 3 (emphasis added).  That statement is

untrue.  It wholly misrepresents the basis for Respondent's motion to the Schenectady City Court

3

Uploaded on: 12/18/2024 03:50:07 PM (Eastern Standard Time) - Base City Time

pursuant to New York CPL §440.10(1)(b),(h).  The Government went to the lengths to obtain

Respondent's 440 Motion, and attached it to its response, *see id.* at EOIR pp. 7-10, but the

Government misrepresents the "sole basis" for the motion, or perhaps does not appreciate the

basis for the motion.

The basis for the motion was that Respondent was offered a plea bargain to X.  The

Court's colloquy mistakenly required Respondent to allocute to Y, a more serious offense.  That

transaction rose "to the level of misrepresentation for purposes of CPL §440.10(1)(b)" and "[t]he

mistaken colloquy violated the defendant's constitutional right to due process.  CPL

§440.10(1)(h)."  *See id.* at EOIR p. 8.  Moreover, Respondent's mention of removal in his 440

Motion is clearly set forth as a "collateral consequence."  *See id.* at EOIR p. 9.  How Government

counsel could read the above-quoted passages, from their own submitted evidence, and conclude

that the "sole purpose" was to avoid immigration consequences is beyond comprehension.  The

basis for the motion was misrepresentation, cited as CPL §440.10(1)(b), and violation of

constitutional right to due process, cited as CPL §440.10(1)(h), right there in the Affirmation in

Support of the Motion.  *See id.*

Respondent's criminal proceeding in the subject criminal case, CR-02318-23/SC, was

conducted in the Schenectady City Court on December 13, 2024.  In that hearing, the state court

judge read into the record her email to Respondent's attorney and the District Attorney when

issuing the Decision and Order vacating the plea and striking the minutes.  Undersigned attended

the hearing, and the minutes thereof have been ordered.  Undersigned has obtained the judge's

email, and Respondent has attached at Exhibit A, hereto, the state court judge's email to the

parties, which she read into the record.  There should be no doubt as to the basis for the state

court judge vacating the plea and striking the minutes -- no where in the judge's reasoning is

there even the mention of "removal" or "deportation." *See* Ex. A.  It is clear the plea was vacated

and the minutes stricken due to a legal defect in the original proceeding.  *See id.*  The state court

judge stated that the court made a mistake of fact and a mistake of law.  *See id.*  Yet the

Government persists in prosecuting Respondent for removal based on those stricken minutes that

are a product of the court's mistake.

### THE GOVERNMENT HAS FAILED TO DISCLOSE ADVERSE CASE LAW

The state court order vacating the plea and sentence and striking the minutes of the plea

and sentence cites CPL §440.10(1)(b), (h) as the basis for the motion.  *See* Respondent's Motion

to Terminate 2 at EOIR p. 8.  *Matter of Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000), is

controlling case law, yet the Government tries to lead this Court astray.

First, the Government fails to mention or attempt to distinguish the most applicable case

to the instant facts:  *Matter of Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000).  Second, the

Government invites the Court to go behind the state court's order, based on New York CPL

§440, to consider the purpose or "sole purpose" of the motion; in fact arguing this Court should

do what the Immigration and Naturalization Service ('hereinafter "Service") argued it should do

in *Matter of Rodriguez-Ruiz, supra*, that was explicitly rejected by the Board of Immigration

Appeals.

> The Service contends that, because the conviction was vacated for purposes of
> avoiding removal, and not for reasons relating to a constitutional or legal defect in
> the criminal proceedings, the respondent's conviction remains a "conviction"
> under the Act, for which he should be found removable as charged.
>
> Despite the Service's arguments on appeal, we find that the order of the
> New York court does not constitute a state action which purports to
> expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty
> plea or other record of guilt or conviction by operation of a state rehabilitative
> statute. *See Matter of Roldan*, *supra*. The New York criminal law provision
> under which the respondent's conviction was vacated is neither an

expungement statute nor a rehabilitative statute.

> The Service urges us to go behind the state court judgment and question
> whether the New York court acted in accordance with its own state law
> in the context of these proceedings. We do not find that we are compelled
> to do so under *United States v. Campbell*, 167 F.3d 94 (2d Cir. 1999), a case
> involving a conviction that was vacated under Texas law in the context of
> sentence enhancements under federal law. We will instead accord full faith
> and credit to this state court judgment. *See* 28 U.S.C. § 1738 (1994) (requiring
> federal courts to accord full faith and credit to state court judgments).

*Rodriguez-Ruiz*, *supra*, at 1379-1380. *Rodriguez-Ruiz* was a case originating in Batavia in 1999,

and became a precedent decision in 2000 specifically addressing New York Criminal Procedure

Law 440. The Government - again in Batavia - seems to be seeking the re-litigation of this 25-

year old Board of Immigration Appeals precedent, by their conspicuous omission of that case

and their argument for the Court to go behind the state court order to discern Respondent's true

purpose for the motion. Those Service arguments were rejected long ago with respect to New

York CPL 440.

The Government instead cites *Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003) to lead

this Court to explore and go behind the state court order. Yet, *Pickering, supra,* does not

overrule or repudiate *Rodriguez-Ruiz*. In fact, *Pickering* distinguished and cited with approval

the process set forth in *Rodriguez-Ruiz* when the state court order is on the basis of NY CPL 440.

*See Pickering, supra, at* 623.

Additionally, *Pickering* involved a Canadian conviction wherein the Canadian court did

not "reference the law pursuant to which the conviction was vacated." *Pickering, supra*, at 625.

That is not the case here, the state court order specifically cites New York CPL §440.10(1)(b),

(h). It is unclear how the Government thinks *Pickering* supports their contention or is

controlling. It is cited to lead the Court astray. In fact, *Pickering* supports Respondent's

position.  "Thus, if a court with jurisdiction vacates a conviction based on a defect in the underlying criminal proceedings, the respondent no longer has a "conviction" within the meaning of section 101(a)(48)(A)."  *Pickering, supra*, at 624.

Theses proceedings should be terminated.

Respectfully Submitted,

SACCONE & DOBOSIEWICZ LLP

By:

      Kurt R. Saccone

Dated:  December 18, 2024

# TABLE OF CONTENTS

**TAB**                                                                                                              **PAGES**

A    Email from Hon. Katherine A McGuirl to Peter H. Willis; Brian D. Mercy,
     Subject:  PT-03740-22/SC and CR-   02318-23/SC (People v. Yuvindra
     Suroojbally):  Decision and Order Vacating Plea, Restoration to Court
     Calendar (Nov. 27, 2024 1:33 PM).                                                        1

Exhibit A

## Hon. Katherine A McGuirl

| | |
|---|---|
| **From:** | Hon. Katherine A McGuirl |
| **Sent:** | Wednesday, November 27, 2024 1:33 PM |
| **To:** | Peter H. Willis; Brian D. Mercy |
| **Cc:** | Rebecca I Rose; Tammy J Beck; Stephanie I Sheppard; Cindy J Dumar; Amanda M Nellis |
| **Subject:** | PT-03740-22/SC and CR-02318-23/SC (People v. Yuvindra Suroojbally): Decision and Order Vacating Plea, Restoration to Court Calendar |
| **Attachments:** | DOC091816-09182016021505.pdf |

Dear Attorney Mercy and Attorney Willis,

Attached is the signed decision and order vacating Mr. Suroojbally's plea on July 28, 2023, and his admittance to the violation of probation on October 20, 2023, previously discussed at conference on November 22, 2024. After reviewing Attorney Mercy's motion, I agree the plea was not conformance with the terms of the proposed plea bargain offered in July 2023 and the admittance necessary to validly effectuate a plea to attempted criminal contempt in the second degree, in violation of Penal Law 110.00/215.50 (3) when sentenced on October 20, 2023 was not to the charge agreed upon. In my review of the file and the record it appears there was also an admittance to the violation of probation, which stemmed from the underly arrest in CR-02318-24/SC, as Mr. Suroojbally was arraigned on the violation of probation on June 2, 2023. Lastly, the sentencing documents do appear to accurately reflect the plea to the class B misdemeanor of attempted criminal contempt in the second degree.

On October 20, 2023, Mr. Suroojbally gave an oral recitation of facts necessary to validly admit to the violation of probation, specifically that he violated a term of probation when he committed the class A misdemeanor of criminal contempt in the second degree and was arrested, as detailed in the violation of probation documents filed by the probation officer. This should not have occurred. Mr. Suroojbally admitted to the violation of probation in PT-03740-22/SC on the date of sentencing in CR-02318-23/SC, which better explains why there was an allocution related to criminal contempt in the second degree on October 20, 2023. Based on these facts, the court, sua sponte, on its own motion, restores PT-03740-22/SC to the calendar as the court made both a both a mistake of fact and a law on October 20, 2023 in relation to accepting the admittance to the violation of probation. Mr. Suroojbally, when admitting to the violation of probation on October 20, 2023, should have admitted to the act of attempted criminal contempt in the second degree, in violation of Penal Law 110.00/215.50 (3), as agreed upon by the parties on July 28, 2023, and September 8, 2023, when appearing before myself and Judge Frost, respectively. Both dockets are now restored to the court's calendar for appearance by the parties on 12/13/24 at 9:00 a.m. for the purpose of both conference, offer, and possible plea and sentence. I will read this email into the record at that time as the basis of the court's decision and order signed today.

Finally, if there is a need to change the time of the appearance on December 13, 2024 or if there is a need for me to sign an OTP for the people, as it appears Mr. Suroojbally is still in ICE custody, please forward it to me directly and copy Ms. Shepard and Ms. Dumar who are copied on this email, as well as Court Attorney (Trial Part) Nellis. I expressly asked if there was an order for me to sign this morning and Ms. Shepard was already in the process of gathering the files for me after receiving Mr. Mercy's email earlier today/this week.

Kate McGuirl
City Court Judge
Schenectady City Court
105 Jay Street, Second Floor and 531 Liberty Street Schenectady, NY 12305

## CERTIFICATE OF SERVICE

CASE NAME:     SUROOJBALLY, Yuvindra N.
CASE NUMBER:    A061-758-820

I HEREBY CERTIFY that on this 18th day of December 2024, I caused to be served the foregoing RESPONDENT'S REPLY:

☒       by ECAS; I electronically filed this document and the party named below is participating in ECAS.

☐       by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid and causing the same to be mailed by first class mail to the person named at the address set forth below.

☐       by causing to be personally delivered a true copy thereof to the person named at the address set forth below.

☐       by certified mail return receipt requested to the person at the address set forth below.

☐       by FEDERAL EXPRESS to the person named at the address set forth below.

☐       by telefaxing with acknowledgment of receipt to the person named at the address and telephone number set forth below.

Office of Chief Counsel –OPLA, Batavia
U.S. Department of Homeland Security
4250 Federal Drive
Batavia, NY 14020

I DECLARE under penalty of perjury that the foregoing is true and correct.  Executed on December 18, 2024.

Kurt R. Saccone
Saccone & Dobosiewicz LLP
300 International Drive, Suite 100
Williamsville, NY  14221
716-870-2262
716-810-9221 (fax)

Interim Decision #3436

# In re Miguel Ignacio RODRIGUEZ-RUIZ, Respondent

### File A74 726 833 - Batavia

*Decided as amended November 8, 2000*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conviction that has been vacated pursuant to Article 440 of the New York Criminal Procedure Law does not constitute a conviction for immigration purposes within the meaning of section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (Supp. IV 1998). *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999), distinguished.

William H. Berger, Esquire, Buffalo, New York, for respondent

Denise C. Hochul, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: DUNNE, Vice Chairman; HOLMES and GUENDELSBERGER, Board Members.

GUENDELSBERGER, Board Member:

In a decision dated November 10, 1999, an Immigration Judge denied the respondent's motion to terminate proceedings, found him removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. IV 1998), as an alien convicted of an aggravated felony, and denied his applications for relief from removal. The respondent has appealed from that decision.[2] The appeal will be sustained, and the removal proceedings will be terminated.

The respondent, a native and citizen of Mexico, was paroled into the United States on January 26, 1996, and became a lawful permanent resident

---

[1] On our own motion, we amend the orders of June 22, 2000, and September 22, 2000, in this case. The amended orders make editorial changes consistent with our designation of the case as a precedent and add footnote 3.

[2] By correspondence dated June 2, 2000, the respondent withdrew his request for oral argument.

Interim Decision #3436

on May 14, 1996. On March 24, 1999, he pled guilty to sexual abuse in the third degree, in violation of section 130.55 of the New York Penal Law, for which he received a 1-year probationary sentence. On August 12, 1999, the Immigration and Naturalization Service issued a Notice to Appear (Form I-862) charging that the respondent is removable as an aggravated felon. On October 1, 1999, the Sweden Town Court, which is the authority that accepted the respondent's guilty plea, explicitly vacated his conviction pursuant to Article 440 of the New York Criminal Procedure Law. The New York court's order vacating the conviction and sentence stated as follows:

> [I]t is ORDERED, that pursuant to CPL 440, the judgment had in this Court on March 24, 1999 based upon a plea colloquy dated February 5, 1999 convicting said Defendant of the crime of Sexual Abuse 3rd and the sentence of one (1) year probation are in all respects vacated, on the legal merits, as if said conviction had never occurred and the matter is restored to the docket for further proceedings.

The parties agree that the determinative issue in this case is whether the respondent's conviction, having been vacated, constitutes a "conviction" as defined in section 101(a)(48)(A) of the Act, 8 U.S.C. § 1101(a)(48)(A) (Supp. IV 1998), and in accordance with *Matter of Roldan*, 22 I&N Dec. 512 (BIA 1999).[3]  The respondent argues that removal proceedings should be terminated because the explicit language of the state court judgment vacated his conviction, and therefore the charge of removability based on that conviction cannot be sustained. The Service contends that, because the conviction was vacated for purposes of avoiding removal, and not for reasons relating to a constitutional or legal defect in the criminal proceedings, the respondent's conviction remains a "conviction" under the Act, for which he should be found removable as charged.

Despite the Service's arguments on appeal, we find that the order of the New York court does not constitute a state action which purports to expunge, dismiss, cancel, vacate, discharge, or otherwise remove a guilty plea or other record of guilt or conviction by operation of a state rehabilitative statute. *See Matter of Roldan*, *supra*. The New York criminal law provision under which the respondent's conviction was vacated is neither an expungement statute nor a rehabilitative statute.

The Service urges us to go behind the state court judgment and question whether the New York court acted in accordance with its own state law

---

[3]We note that the United States Court of Appeals for the Ninth Circuit recently vacated our decision in *Matter of Roldan*, *supra*. *See Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000).  However, in its decision the court stated that, in enacting the new statutory definition of a conviction at section 101(a)(48)(A) of the Act, "Congress did not intend that a conviction subsequently overturned on the merits . . . could serve as the basis for deportation." *Id.* at 746-47. Therefore, our decision today is in accord with the Ninth Circuit's opinion.

1379

Interim Decision #3436

in the context of these proceedings. We do not find that we are compelled to do so under *United States v. Campbell,* 167 F.3d 94 (2d Cir. 1999), a case involving a conviction that was vacated under Texas law in the context of sentence enhancements under federal law. We will instead accord full faith and credit to this state court judgment. *See* 28 U.S.C. § 1738 (1994) (requiring federal courts to accord full faith and credit to state court judgments).

The criminal conviction upon which the charge of removability is based has been vacated. Because we agree that the state court order vacating the conviction does not constitute a state rehabilitative action under *Matter of Roldan*, *supra*, there is no current basis to find the respondent removable as charged. Accordingly, the appeal will be sustained, and the removal proceedings will be terminated.

**ORDER:**  The appeal is sustained, and the removal proceedings are terminated.

1380

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Yuvindra Suroojbally

**(b)** County of Residence of First Listed Plaintiff    Genesee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Matthew K. Borowski, 4343 Union Road, Buffalo, NY 14225
716-330-1503

## DEFENDANTS

Joseph E. Freden

County of Residence of First Listed Defendant    Genesee
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

U.S. Attorney's Office

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 2   U.S. Government Defendant

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |

*(remaining Nature of Suit checkbox lists as printed on form)*

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   
☐ 2 Removed from State Court   
☐ 3 Remanded from Appellate Court   
☐ 4 Reinstated or Reopened   
☐ 5 Transferred from Another District *(specify)*   
☐ 6 Multidistrict Litigation - Transfer   
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 2241

Brief description of cause:
Habeas corpus - US Permanent Resident held in contravention of the law

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE      DOCKET NUMBER

DATE
12/26/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Matthew K. Borowski

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.     **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.      **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.     **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.